IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:11-CV-00510-TJC-JRK

PTA-FLA, Inc., a Florida corporation,

Plaintiff,

vs.

ZTE USA, Inc., a New Jersey corporation,

Defendant.
_____________________________/

**DEFENDANT ZTE USA, INC.'S MOTION TO REOPEN CASE, JOIN PARTIES, AND CONFIRM FINAL AWARD IN ARBITRATION AND ENTER FINAL JUDGMENT THEREON**

Pursuant to this Court's Order dated October 21, 2011 (DE 20), Rule 19, Fed. R. Civ. P., and 9 U.S.C. § 9, defendant ZTE USA, Inc. ("ZTE USA"), hereby moves this Court to enter an order (i) reopening this case, (ii) joining Daredevil, Inc. ("Daredevil"), NTCH-West Tenn, Inc. ("NTCH-West Tenn"), NTCH-WA, Inc. ("NTCH-WA") and Eric Steinmann ("Steinmann") as parties and (iii) confirming the Final Award in arbitration issued by Chief Justice Major B. Harding, dated February 11, 2014, and entering final judgment thereon.[1]

[1] Simultaneously herewith, ZTE USA has filed a Motion to Seal Final Award in Arbitration, because the rules pursuant to which the arbitration was conducted state: "An award may be made public only with the consent of all parties or as required by law." Art. 27, ¶ 4, International Dispute Resolution Procedures of the American Arbitration Association International Centre for Dispute Resolution. (D.E. 22) ZTE USA has requested the consent of the adverse parties to the arbitration to file the Final Award with the Court, but has not received such consent to date. ZTE USA stands prepared to file the Final Award as directed by the Court.

For the reasons set forth below, the Court should grant this motion. By Order dated October 21, 2011, this Court granted ZTE USA's motion to compel arbitration and stayed this case. (DE 20) Thereafter, plaintiff PTA-FLA, Inc. ("PTA-FLA"), together with ClearTalk entities, Daredevil, NTCH-West Tenn, NTCH-WA, and Steinmann, participated as claimants in a consolidated arbitration against ZTE USA in Jacksonville, Florida. On February 11, 2014, the arbitrator, Chief Justice Major B. Harding, issued the Final Award in the consolidated arbitration. ZTE USA therefore respectfully requests that the Court reopen this case, enter an order joining as parties the ClearTalk entities who were not previously parties to this case, and confirm the Final Award and enter final judgment thereon.

## Background

### 1. The ClearTalk entities sued ZTE USA in Florida, Missouri, Tennessee, South Carolina and California

a. Florida. On April 18, 2011, PTA-FLA sued ZTE USA in Florida state court and ZTE USA removed the action to this Court. (DE 1) The complaint alleged breach of warranty, breach of covenant of good faith and fair dealing, rescission and fraud in the inducement, based on a Master Supply Agreement between the parties dated September 21, 2006 (the "Florida MSA"). *Id.* ZTE USA filed a motion to compel arbitration and stay the case, which this Court granted by Order dated October 21, 2011. (DE 20)

b. Missouri. On May 4, 2011, Daredevil, ClearTalk's Missouri affiliate, sued ZTE USA in Missouri state court, and ZTE removed the action to federal court. *Daredevil, Inc. v. ZTE USA, Inc.*, Case No. 4:11-cv-01054-TIA (E.D. Mo.). The Missouri complaint alleged breach of contract, rescission, and unjust enrichment based on a Master Supply Agreement (the "Missouri MSA") and related agreements between the parties, dated September 25, 2008 (collectively, the "Missouri Agreement"). ZTE USA filed a motion to compel arbitration and

stay the case, which the magistrate judge granted by Order dated June 22, 2011. A copy of the Missouri Order is attached as Exhibit 1.

The Missouri court was the first to grant ZTE USA's motion to compel arbitration. Accordingly, on September 20, 2011, Daredevil only filed a Demand for Arbitration against ZTE USA to determine "Whether failure to meet a condition precedent to arbitration in an arbitration provision precludes arbitration of an underlying contractual dispute." A copy of the Daredevil Demand is attached as Exhibit 2.

c. South Carolina. On May 24, 2011, plaintiff PTA-FLA sued ZTE USA in South Carolina state court, and ZTE USA removed the action to federal court. *PTA FLA vs. ZTE USA, Inc.*, Case No. 3:11-cv-01605-CMC (D.S.C.). The South Carolina complaint alleged breach of contract and promissory estoppel based on an alleged breach of the Missouri Agreement. ZTE USA filed a motion to compel arbitration, which the Court granted by Order dated October 3, 2011. The Court also dismissed the action. A copy of the South Carolina Order is attached as Exhibit 3.

d. Tennessee. On April 25, 2011, NTCH-West Tenn, ClearTalk's Tennessee affiliate, sued ZTE USA in Tennessee state court and ZTE USA removed the action to federal court. *NTCH-West Tenn, Inc., vs. ZTE USA, Inc.*, Case No. 1:11-cv-01169-JDB-egb (W.D. Tenn.). The Tennessee complaint alleged breach of contract, breach of the covenant of good faith and fair dealing, breach of warranties, violation of the Tennessee Consumer Protection Act, promissory estoppel, negligence and fraudulent misrepresentation. ZTE USA moved to compel arbitration. On September 9, 2011, the magistrate judge recommended that the motion be granted, but six months later, on March 30, 2012, the district judge rejected the magistrate judge's recommendation and denied ZTE USA's motion to compel arbitration.

By the time the district judge denied ZTE USA's motion, however, the parties had reached a *new* agreement to arbitrate that specifically *included* the pending claims of NTCH-West Tenn and the other ClearTalk entities. The Stipulation, dated December 9, 2011, stated "the parties have agreed to submit all of the claims, including the pending claims, to Arbitration." A copy of the Stipulation is attached as Exhibit 4. That same day, the ClearTalk entities, including NTCH-West Tenn, filed a *new* Demand for Arbitration together with a First Amended Statement of Claim. A copy of the Demand for Arbitration and First Amended Statement of Claim dated December 9, 2011, is attached as Exhibit 5.

Although NTCH-West Tenn agreed to arbitrate and even filed a demand for arbitration, NTCH-West Tenn sought to pursue its claims in court after the district judge denied ZTE USA's motion to compel arbitration. Accordingly, on April 20, 2012, ZTE was forced to file a *second* motion to compel arbitration based on the Stipulation. On October 31, 2012, the magistrate judge recommended that ZTE USA's second motion to compel arbitration be granted. This time, although NTCH-West Tenn objected, the district judge adopted the magistrate judge's recommendation and granted ZTE USA's motion. A copy of the Tennessee Order, dated January 22, 2013, is attached as Exhibit 6. (By the time the Tennessee court ruled, the arbitration was already well underway.)

e. California. On August 23, 2011, Steinmann, Cleartalk's "development manager" and principal, and his wife, Dolores Franco, sued ZTE USA and ZTE Corporation in California state court, and ZTE USA and ZTE Corporation removed the action to federal court. *Eric Steinmann et al. v. ZTE Corporation et al.*, Case No. 5:11-cv-01578-VAP–SP (C.D. Cal.). The California complaint alleged commodities fraud, bucket trading, violation of California Business and Practices Code Section 17200, breach of fiduciary duty, breach of written contract, money

had and received, open account, unjust enrichment, fraud and negligent misrepresentation, related to Vendor Financing Agreements attached to the Florida and Missouri MSAs.

On December 9, 2011, the parties entered a stipulation to stay the case pending arbitration of the claims asserted in the California complaint. The parties further agreed to submit the claims in California, together with the pending claims in Florida, Missouri, South Carolina and Tennessee, to a single consolidated arbitration on the merits. That same day, the ClearTalk entities filed their new Demand for Arbitration, together with their First Amended Statement of Claim seeking a resolution of the parties' dispute on the merits. *See* Exhibit 5.

f. Washington. NTCH-WA did not sue ZTE USA in court. Instead, NTCH-WA voluntarily submitted its claims against ZTE USA to arbitration in the first instance. *Id.*

**2. The ClearTalk entities agreed to arbitrate their claims against ZTE USA.**

The arbitration was conducted pursuant to three arbitration agreements, as set forth below.

a. The Florida MSA. Section 20 of the Florida MSA provided, in pertinent part:

> **Should any dispute, claim or controversy occur between the parties arising out of or relating to this Agreement**, one party may give written notice of the dispute to the other party. The parties shall then, in the first instance, attempt to resolve such dispute or controversy in good faith by senior level negotiations between the parties without attorneys present with a view to resolving the dispute within a period of fifteen (15) business days from the day notice of the (the "Resolution Period."). Such negotiations shall include a personal meeting of at least four (4) hours duration attended by the senior U.S. executive if each of the parties. **If the parties are unable to resolve the dispute within the Resolution Period, either party may, within ten (10) business days after the end of the Resolution Period, initiate an arbitration proceeding** which shall be administered by the International Centre for Dispute Resolution of the American Arbitration Association ("AAA") in accordance with its International Arbitration Rules. The place of arbitration shall be Jacksonville, Florida. The language of the arbitration shall be English. **The parties to this Agreement expressly agree that any order or award of the arbitrator shall be final and binding and may be enforced in any court of competent jurisdiction.** Unless otherwise agreed to in writing, the costs of any arbitration shall be shared equally between the parties.

Florida MSA § 20 (emphasis added), which is attached to the Amended Complaint (DE 2).

b. The Missouri MSA. Section 20 of the Missouri MSA, which forms a part of the Missouri Agreement, is identical to Section 20 of the Florida MSA. *See* Missouri MSA § 20 (emphasis added), a copy of which is attached hereto as Exhibit 7.

c. The California stipulation. As set forth above, after several courts granted ZTE USA's motions to compel arbitration, the parties entered into a *new* agreement to arbitrate the claims in California, together with the pending claims in Florida, Missouri, South Carolina and Tennessee, on the merits in a single consolidated arbitration. The Stipulation provided: "the parties have agreed to submit all of the claims, including the pending claims, to Arbitration." *See* Exhibit 4.

**3. The consolidated arbitration proceeding and entry of the Final Award**

As set forth above, on September 20, 2011, Daredevil only filed a limited Demand for Arbitration, related to whether ZTE USA had satisfied a condition precedent to arbitration. Thereafter, on December 9, 2011, the ClearTalk entities filed a new Demand for Arbitration together with their First Amended Statement of Claim, based on the Stipulation dated the same day. The new Demand replaced the Daredevil Demand and asserted merits-based claims on behalf of all of the ClearTalk entities, including NTCH-WA who had not previously filed suit, against ZTE USA and ZTE Corporation. As provided by the arbitration provisions in the Florida and Missouri MSAs, the new Demand (like the Daredevil Demand) was filed with the American Arbitration Association International Centre for Dispute Resolution (the "ICDR"). Pursuant to ICDR rules, the parties were provided with a list of ten potential arbitrators and given the opportunity to strike names from the list and rank their preferences. Based on the parties'

responses, the ICDR assigned former Chief Justice of the Florida Supreme Court Major B. Harding to serve as the sole arbitrator.

As noted above, after the district judge in Tennessee denied ZTE USA's motion to compel arbitration of the Tennessee claims, NTCH-West Tenn sought to withdraw its claims from the arbitration. In addition, the ClearTalk entities sought to re-raise the condition precedent issue previously raised by the Daredevil Demand. The ClearTalk entities submitted both issues to the arbitrator for determination. In an email dated June 4, 2012, Justice Harding wrote:

> First, I determine that the arbitrator can determine what is appropriately the scope of the arbitration.
>
> Second, I determine that the scope of the arbitration will be all the claims, counterclaims, and defenses that exist or may arise between and among the parties subject to the jurisdiction of the courts in the lawsuits pending at the time of the agreement to arbitrate. . . . ..
>
> Thirdly, I determine that the arbitration includes the claims, counterclaims, and defenses that may or will exist in the Tennessee lawsuit until and unless a court order removes that matter from the arbitration.
>
> . . . .
>
> Lastly, there seems to be some question as to whether the issue of whether ZTE USA has satisfied the conditions precedent to arbitration under the Florida MSA and Missouri MSA is appropriately before the arbitrator to determine at this time. While the language in the second determination above seems to resolve this issue and determine that all conditions precedent have been met, I will give counsel 7 days from this date to submit briefing on that point alone before that determination becomes final.

A copy of the June 4, 2012 email is attached as Exhibit 8.

Following further briefing, in an email dated June 18, 2012, Justice Harding determined:

> [T]he condition precedent issue was resolved by my determination of June 4, 2012. This matter is ready to proceed to a conclusion on the merits.

A copy of the June 18, 2012 email is attached as Exhibit 9.

The ClearTalk entities amended their statement of claim several times in the arbitration, culminating in the Fourth Amended Statement of Claim, dated August 1, 2012. A copy of the Fourth Amended Statement of Claim is attached hereto as Exhibit 10. ZTE USA and ZTE Corporation responded to the Fourth Amended Statement of Claim on October 12, 2012. A copy of the Answer is attached as Exhibit 11.

The parties agreed to conduct limited discovery in the case. The parties exchanged hundreds of document requests and thousands of documents were produced. The arbitrator also heard and resolved objections to discovery. Each party was permitted to take a limited number of depositions of fact witnesses, and expert witnesses were also deposed. The parties filed extensive claim memorials and reply claim memorials in support of their respective positions.

Justice Harding also permitted the parties to file and argue dispositive motions. An all-day hearing on the motions was held on May 28, 2013, after which Justice Harding issued the following determination:

> Counsel, upon consideration of my review of the pleadings, exhibits, and arguments submitted to me for determination of "dispositive" matters in this arbitration it is
>
> Determined:
>
> 1: As a matter of law, the Respondents' Motion for Final Determination regarding the Claims of Eric Steinmann is granted and all of the Eric Steinmann Claims in the Fourth Amended Statement of Claim are dismissed.
>
> 2. That Claimants' request for dispositive treatment of the issue of attorneys' fees is deferred. All remaining requests and motions submitted by Claimants for dispositive treatment are denied.
>
> 3. With the exception of the matter referred to in paragraph 1 hereof, all requests and motions submitted by Respondents for dispositive treatment are denied.

A copy of the June 14, 2013 email is attached as Exhibit 12.

The Final Hearing was held in Jacksonville, Florida, from August 19 through August 30, 2013. At the end of the two week period set aside for trial, several ClearTalk witnesses who had been scheduled to appear by videoconference had yet to testify. These witnesses testified by videoconference on September 11, 2013 and September 27, 2013. All told, ClearTalk presented testimony from twenty-six (26) fact witnesses and three (3) expert witnesses; ZTE USA presented testimony from another four (4) fact witnesses and two (2) expert witnesses. On October 4, 2013, with the agreement of all parties, the arbitrator declared the Final Hearing closed.

The parties submitted post-trial briefing and Justice Harding allowed the parties to present final argument during an all-day hearing on December 19, 2013.

On February 11, 2014, the arbitrator rendered the Final Award in the arbitration.

## Summary of Argument

The Court should reopen this case, join the ClearTalk claimants who were not previously parties to the case, and confirm the Final Award.

First, the Court should join Daredevil, NTCH-West Tenn, NTCH-WA and Steinmann as parties. As adverse parties to the arbitration, they should be parties to the proceeding to confirm the resulting Final Award, and the FAA so provides.

Second, the Court should confirm the Final Award. The record shows that the parties agreed to submit their dispute to binding arbitration and that the condition precedent issue was resolved by the arbitrator at the ClearTalk entities' request. The record also shows that the arbitration was duly held pursuant to the parties' agreements and that the arbitrator, former Chief Justice of the Florida Supreme Court Major B. Harding, issued a reasoned determination following the presentation of evidence and argument by the parties.

## Argument

### 1. The Court Should Join Daredevil, NTCH-West Tenn, NTCH-WA and Steinmann as Parties

"The Federal Arbitration Act (FAA or Act), 9 U.S.C. § 1 et seq., provides for expedited judicial review to confirm, vacate, or modify arbitration awards." *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008). Pursuant to 9 U.S.C. § 9, notice of any application to confirm an arbitration award is required to be served on "the adverse party." Section 9 further provides that, once "the adverse party" is served, "the court shall have jurisdiction of such party as though he had appeared generally in the proceeding."

Here, PTA-FLA, Daredevil, NTCH-West-Tenn, NTCH-WA and Steinmann were all adverse parties to the arbitration, but only PTA-FLA is currently a party to this case. Accordingly, ZTE USA respectfully requests that the Court join Daredevil, NTCH-West-Tenn, NTCH-WA and Steinmann for purposes of confirming the Final Award pursuant to 9 U.S.C. § 9.

Rule 19, Fed. R. Civ. P., provides, in pertinent part:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) *Required Party.* A person who is subject to service and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Joinder of Daredevil, NTCH-West-Tenn, NTCH-WA and Steinmann under the circumstances of this case clearly meets the Rule 19 standard.

First, joinder of the absent ClearTalk entities is "feasible" because it will not deprive the court of subject-matter jurisdiction. This case is presently pending before the Court based on diversity jurisdiction. Plaintiff PTA-FLA is a Florida corporation with a principal place of business in Florida; Daredevil is a Missouri corporation, with a principal place of business in Missouri; NTCH-West Tenn is a Tennessee corporation with a principal place of business in Tennessee; NTCH-WA is a Washington corporation with a principal place of business in Washington; and Steinmann is a citizen of California. In contrast, defendant ZTE USA is a New Jersey corporation with a principal place of business in Dallas, Texas. Therefore, joinder of the absent ClearTalk entities will not destroy diversity.

Second, the absent ClearTalk entities are "required" parties both because the Court cannot accord complete relief to ZTE USA without them and because not joining them will expose ZTE USA to a substantial risk of double, multiple or inconsistent obligations. Justice Harding entered *one* Final Award disposing of the claims of *all* of the ClearTalk entities against ZTE USA. In order for ZTE USA to obtain complete relief in this case confirming the Final Award in its entirety, all of the adverse parties to the arbitration need to be joined. *See Southern Mills, Inc. v. Nunes,* 2012 WL 4760618, *2 (S.D. Ga. Oct. 5, 2012) (in action to confirm arbitration award, holding that absent party was "required to be joined" in order to accord complete relief to party seeking confirmation of "entire arbitration award").

The policy underlying Rule 19 also counsels joinder in this case. "The 'complete relief' clause of Rule 19(a) addresses the interest in comprehensive resolution of a controversy and the desire to avoid multiple lawsuits regarding the same cause of action." *Altmann v. Republic of*

*Austria*, 142 F.Supp.2d 1187, 1211 (C.D. Cal. 2001). Here, the ClearTalk entities have *five* pending federal lawsuits against ZTE USA (and another five against ZTE Corporation). Under these circumstances, there is a substantial risk of inconsistent results and duplicated judicial effort if the absent ClearTalk entities are not all joined as parties here.

This case was the first filed by any ClearTalk entity and this Court sits in the jurisdiction where the arbitration was held. The Court should join the absent ClearTalk entities – Daredevil, NTCH-West-Tenn, NTCH-WA and Steinmann – as parties so that the Final Award issued by Justice Harding can be fully and finally confirmed in this case and a final judgment entered.

**2. <u>The Court Should Confirm the Final Award and Enter Final Judgment</u>**

"Section 9 of the FAA provides that, upon application of any party to the arbitration, the court *must* confirm the arbitrator's award unless it is vacated, modified or corrected in accordance with sections 10 and 11 of the statute." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010). "There is a presumption under the FAA that arbitration awards will be confirmed and 'federal courts should defer to an arbitrator's decision whenever possible.'" *Id.* (citation omitted).

Sections 10 allows the Court to vacate an arbitration award under "four narrow circumstances:" (i) where the award was procured by corruption or fraud, (ii) where there was evident partiality or corruption in the arbitrator, (iii) where the arbitrator was guilty of misbehavior, or (iv) where the arbitrator exceeded his power. *Id.*

Section 11 allows the Court to correct or modify an arbitration award in "three situations:" (i) where there has been a miscalculation of figures or a mistake in the description of a person or thing, (ii) where the arbitrator issues an award on a matter the parties did not submit, or (iii) where the form of the award is imperfect in a matter of form not related to the merits. *Id.*

The Court "must" confirm the Final Award in this case, because none of the statutory bases set forth in sections 10 and 11 have any applicability, and no "judicially-created bases" -- such as "manifest disregard of the law" -- are recognized as valid in the Eleventh Circuit. *Id.* at 1324 (holding that "our judicially-created bases for vacatur are no longer valid in light of [the United States Supreme Court's decision in] *Hall St.* [*Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 577-78 (2008)]").

**Conclusion**

For the foregoing reasons, the Court should reopen the case, enter an order joining as parties Daredevil, NTCH-West Tenn, NTCH-WA and Steinmann, and confirm the Final Award and enter final judgment thereon.

By:___/s Laura Besvinick____________________

Laura Besvinick, Esq.
Florida Bar Number: 391158
Laura.Besvinick@hoganlovells.com
Olga.garcia@hoganlovells.com
Alicia.santiesteban@hoganlovells.com
Matthew R. Bray, Esq.
Florida Bar Number: 0030070
Matthew.R.Bray@hoganlovells.com
Olga.garcia@hoganlovells.com
Alicia.santiesteban@hoganlovells.com
HOGAN LOVELLS US LLP
600 Brickell Ave., Ste. 2700
Miami, Florida 33131
Direct: (305) 459-6500
Fax: (305)-459-6550
*Attorneys for Defendant ZTE USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2014, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the counsel so indicated below:

Christopher Charles Hazelip, Esq.
L. Javan Grant, Esq.
Christine M. Russell, Esq.
ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
Email: chazelip@rtlaw.com
Email: jgrant@rtlaw.com
Email: crussell@rtlaw.com

I hereby certify that pursuant to 9 U.S.C. § 9 and Rules 4.1 & 5, Fed. R. Civ. P., a copy of the foregoing is being served upon the entities indicated below:

**NTCH-WEST TENN, INC.**

c/o Linda George
1970 N. Highland Ave.
STE E
Jackson, Tennessee 38305-4516

Charles H. Barnett, III, Esq.
Sara Barnett, Esq.
SPRAGINS BARNETT & COBB, PLC
P.O. Box 2004
312 E. Lafayette
Jackson, Tennessee 38302-2004
Email: cbarnett@spraginslaw.com
Email: saraebarnett@spraginslaw.com

Jon Ali Atabek, Esq.
ATABEK & ASSOCIATES
11645 Montana Avenue
Los Angeles, California 90049
213-394-5943
Email: jatabek@atabeklaw.com

**NTCH-WA, INC.**

c/o National Registered Agents Inc.
505 Union Avenue SE, STE 120
Olympia, Washington 98501

**DAREDEVIL INC.**

c/o National Registered Agents, Inc.
120 South Central Avenue
Clayton, Missouri 63105

John C. Grellner, Esq.
BERGER AND COHEN
8000 Maryland Avenue
Suite 1550
Clayton, MO 63105
Email: jgrellner@bcbslaw.com

**PTA-FLA, INC.**

John J Pringle, Jr., Esq.
Ellis Lawhorne and Sims
PO Box 2285
Columbia, South Carolina 29202
Email: jack.pringle@arlaw.com

Shaun Christian Blake, Esq.
Adams and Reese
1501 Main Street
Fifth Floor
Columbia, South Carolina 29201
Email: shaun.blake@arlaw.com

**ERIC STEINMANN**

Eric Steinmann
1255 Rivera Drive
Wrightwood, California 92397

Jon Ali Atabek, Esq.
Atabek and Associates
57 Bianco
Irvine, California 92618
Email: jatabek@atabeklaw.com

Sean P Farrell. Esq.
Sean P. Farrell Law Offices
1 Park Plaza Suite 600
Irvine, California 92614
Email: spfarrell@cox.net

By: s/ Laura Besvinick