**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FILED
2014 FEB 28 PM 1:57

**PTA-FLA, INC., a Florida Corporation,**

**Plaintiff,**

**vs.** **CASE NO. 3:11-CV-00510-TJC-JRK**

**ZTE USA, INC., a New Jersey Corporation,**

**Defendant.**

---

## NON-PARTY DAREDEVIL, INC.'S RESPONSE TO DEFENDANT'S MOTION TO REOPEN CASE, JOIN PARTIES, AND CONFIRM FINAL AWARD IN ARBITRATION

Non-Party Daredevil, Inc. ("Daredevil") makes a limited appearance to respond to Defendant ZTE (USA) Inc.'s ("ZTE") Motion to Reopen Case, Join Parties, and Confirm Final Award in Arbitration, Dkt. No. 21.

The undersigned counsel represents Daredevil in a case against Defendant pending in the Eastern District of Missouri, styled *Daredevil, Inc. v. ZTE USA, Inc.*, Docket No. 4:11-cv-01054-TIA. In that case, which is currently stayed, Defendant filed a motion to compel arbitration, which the court granted. As a result of that order, the parties submitted their claims to arbitration and such claims were ultimately heard in a proceeding before the International Centre for Dispute Resolution ("ICDR") along with the plaintiff in this action, PTA-FLA, Inc.'s ("PTA-FLA") claims against ZTE (the "Arbitration").

On February 11, 2014, the arbitrator entered a "Final Award" in the Arbitration. On February, 18, 2014, Daredevil, along with PTA-FLA and certain other claimants in the Arbitration, requested that the arbitrator correct the award as there is a typographical error in the award that creates considerable uncertainty regarding which parties the arbitrator intended to

bind (the "Correction Request"). ZTE's response to the Correction Request is due February 28, 2014 and, pursuant to the applicable ICDR rules, the arbitrator has 30 days to rule on the Correction Request. Whether or not Daredevil will oppose confirmation of the Final Award depends to a large extent on whether the arbitrator grants the Correction Request. Accordingly, Daredevil joins in PTA-FLA's request, Dkt. No. 26, to continue to stay this matter until the arbitrator renders his decision.

Daredevil also wishes to inform the Court that, if joined as a party to this case, it would request an opportunity to oppose ZTE's motion to confirm. As it now stands, Daredevil is not a party to this case and, accordingly, is not required to respond to ZTE's motion. However, ZTE's tactic of filing three motions in one within three hours after the Final Award was issued has created some considerable confusion. Accordingly, Daredevil respectfully requests that if ZTE's motion for joinder is granted, it be afforded fourteen (14) days after receipt of the Court's order on that motion to respond to the motion to confirm.

In any event, Daredevil requests that it not be required to respond to the motion to confirm until ZTE properly serves it and establishes jurisdiction. The Federal Arbitration Act does not confer independent grounds for personal jurisdiction. *Johns v. Taramita*, 132 F. Supp. 2d 1021, 1025 (S.D. Fla. 2001). Although Section 9 of the Federal Arbitration Act provides that upon service of an application to confirm in a district where an award was rendered, the "court shall have jurisdiction of such party as though he had appeared generally in the proceeding" (9 U.S.C. § 9), ZTE has not properly served Daredevil with service of process. The Federal Arbitration Act explicitly states that if the adverse party is not a resident of the district where the award is sought to be confirmed, then "the notice of the application ***shall be served by the marshal of any district*** within which the adverse party may be found in like manner as other

process of the court." *Id.* Daredevil is a Missouri corporation in good standing and has never done business in Florida.

As evidenced by the affidavit of service filed by ZTE, Daredevil was served by Justin Roussel, a private process server. *See* Dkt. No. 24-3. Courts have held that marshal service is required as explicitly stated in the Federal Arbitration Act. *See Logan & Kanawha Coal Co., LLC v. Detherage Coal Sales, LLC*, 789 F. Supp. 2d 716, 718-19 (S.D.W. Va. 2011); *Kirby Morgan Dive Sys., Inc. v. Hydrospace Ltd.,* No. 09–4934, 2010 WL 234791, at *4 (C.D.Cal. Jan. 13, 2010) (concluding that court lacked personal jurisdiction over nonresident because nonresident was not served by marshal) *rev'ed on other grounds by* 2010 WL 234791; *Med. Shoppe Int'l, Inc. v. Med. Solutions, Inc.,* No. 4:06MC622 CDP, 2006 WL 3538800, at *1 (E.D.Mo. Dec. 7, 2006) (holding that service on nonresidents must be made by marshal); *Nu–Best Franchising, Inc. v. Motion Dynamics, Inc.,* No. 805CV507T27TGW, 2006 WL 1428319, at *3, *6 (M.D.Fla. May 17, 2006) (interpreting similar provision of FAA, 9 U.S.C. § 12, to require service by United States Marshal). Given the jurisdiction conferring effect of service of process, strict adherence to the rule is warranted.

Finally, given the limited nature of this appearance, and Daredevil's status as a non-party, the undersigned counsel respectfully requests that the Court waive the written designation, fee, and e-mail registration requirements set forth in Local Civil Rule 2.02(a). If Daredevil is served and joined as a party in this case, it intends to secure local representation.

Dated: February 27, 2014

St. Louis, Missouri

Respectfully Submitted,

By: ______________________

John C. Grellner, MO#50638
5205 Lindenwood Ave.
St. Louis, MO 63109
Telephone: 314-571-9798
grellnerlaw@att.net

*Attorney for Plaintiff Daredevil, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28th, 2014, I cased a copy of the foregoing to be served on the following:

Via U.S. Mail:
Laura Besvinick, Esquire
Hogan Lovells US LLP
600 Brickell Avenue
Suite 2700
Miami, Florida 33131
Attorneys for Defendant ZTE USA, Inc.

Via Email (per agreement):
Christopher C. Hazelip
Florida Bar No. 438049
Cristine M. Russell
Florida Bar No. 0157406
L. Javan Grant
Florida Bar No. 0799521
1301 Riverplace Blvd., Suite 1500
Jacksonville, Florida 32207
(904) 398-3911 / (904) 396-0663 Fax
Chazelip@rtlaw.com
CRussell@rtlaw.com
JGrant@rtlaw.com
Attorneys for Plaintiff PTA-FLA, INC., a Florida Corporation

______________________