**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PTA-FLA, INC., a Florida corporation,

      Plaintiff,

v.                                                     Case No. 3:11-cv-510-J-32JRK

ZTE USA, INC., a New Jersey
corporation,

      Defendant.

_____

PTA-FLA, INC., a Florida corporation,

      Plaintiff,

v.                                                     Case No. 3:12-cv-1003-J-32PDB

ZTE CORPORATION, a corporation
incorporated under the laws of the
People's Republic of China,

      Defendant.

_____

## O R D E R

    These cases are before the Court on PTA-FLA, Inc.'s notices of voluntary

dismissal (PTA-FLA, Inc. v. ZTE USA, Inc., 3:11-cv-510-J-32JRK (the "ZTE USA

case"), Doc. 40; PTA-FLA, Inc. v. ZTE Corporation, 3:12-cv-1003-J-32PDB (the "ZTE

Corp. case"), Doc. 51), filed in each case on April 1, 2014, and on the parties' related

briefing as to the validity and effect of the notices (ZTE USA case, Docs. 42, 47, 51).[1]

_____

    [1] The parties filed identical briefs in both cases. Except in background and as

On December 1, 2014, the Court held a hearing and status conference, the record of which is incorporated herein. (ZTE USA case, Doc. 56.)

## I.   PROCEDURAL HISTORY

Some background is necessary to understand where these cases stand. On October 21, 2011, the Court granted ZTE USA, Inc.'s motion to compel arbitration and stayed the case pending the outcome of the arbitration. (ZTE USA case, Doc. 20.) On January 14, 2013, the Court granted ZTE Corporation's motion to stay the case against it pending the outcome of arbitration. (ZTE Corp. case, Doc. 41.)

Arbitration is now complete. The arbitrator issued a Final Award on February 11, 2014 (corrected on March 12, 2014)[2] that denied both sides' claims and directed that neither side would take anything from the other. (ZTE USA case, Doc. 52-1.) The same day the award was initially issued, ZTE USA moved to reopen the case against it, add the other participants in the arbitration as parties to the case, confirm the Final Award, and enter final judgment. (ZTE USA case, Doc. 21.) PTA-FLA did not file a response to the motion as such, but later indicated it would not oppose confirmation of the award, but would oppose adding the additional parties. (ZTE USA case, Doc. 37.) Those potential additional parties also filed briefs arguing, among other things, that they had not been properly served with the motion to reopen, join parties, and confirm the Final Award. (ZTE USA case, Docs. 28, 29, 31, 36.) ZTE USA and ZTE

---

otherwise necessary, the Court will cite to only the ZTE USA docket.

[2] The correction moots earlier briefing on whether to maintain the stay of these cases pending correction (see ZTE USA case, Docs. 26, 34). ZTE USA's motion to file the Final Award under seal (ZTE USA case, Doc. 22) is also moot in light of the parties' agreement to file the Final Award publicly (ZTE USA case, Doc. 52).

Corp. requested a status conference to sort this all out.[3] (ZTE USA case Doc. 32; ZTE Corp. case, Doc. 48.)

Before the Court was able to schedule a status conference, however, it received notice on March 17, 2014 that ZTE USA had filed a motion with the Judicial Panel on Multidistrict Litigation to transfer both cases, along with other related cases pending in different districts, for inclusion in a multidistrict litigation proceeding that ZTE USA proposed be held in this Court before the undersigned. (See ZTE USA case, Doc. 38; ZTE Corp. case, Doc. 49.) The Court elected to keep the stay of its two cases in place pending the Panel's ruling. (ZTE USA case, Doc. 39; ZTE Corp. case, Doc. 50.)

Then, on April 1, 2014, before the Panel could rule on the motion to transfer,[4] PTA-FLA filed notices of voluntary dismissal in both cases. (ZTE USA case, Doc. 40; ZTE Corp. case, Doc. 51.) Though ZTE USA apparently questioned the efficacy of the notices of dismissal before the Panel, it did not initially file any challenge in this Court. (See ZTE USA case, Doc. 52.) On June 20, 2014, the Court therefore ordered that ZTE USA and ZTE Corp. file any pleadings addressing the notices of dismissal on or before July 18, 2014 or the Court would consider the dismissal effective and would enter orders of dismissal. (Id.)

On July 16, 2014, ZTE USA and ZTE Corp. jointly filed something they styled a "response" to the notices of dismissal. (ZTE USA case, Doc. 42.) With the Court's leave, on August 22, 2014, PTA-FLA filed a "reply" in opposition to the "response" (ZTE

---

[3] ZTE Corp. never moved to reopen the case against it.

[4] The Panel denied transfer on June 6, 2014. (See ZTE USA case, Doc. 52-1.)

USA case, Doc. 47), and on September 25, 2014, ZTE USA and ZTE Corp. filed a combined "reply" in support their "response" (ZTE USA case, Doc. 51).

While all of this was going on, the parties continued to litigate in other districts the cases that ZTE USA had hoped to consolidate in an MDL. The Court understands a few of those cases have been dismissed without prejudice, others continue to proceed, and still others are stayed pending this Court's resolution of the motion to confirm the Final Award. Before the Court can reach the motion to confirm, however, it must determine what authority, if any, it retains after the notices of dismissal.

## II.    ANALYSIS

### A.    The ZTE Corp. Case

The Court first briefly turns to the ZTE Corp. case. At the hearing, counsel for ZTE Corp. conceded that the case against it should be dismissed. Unlike the ZTE USA case, ZTE Corp. has not answered, moved for summary judgment, moved to compel arbitration, or moved to confirm the arbitration award in its case. Consistent with counsel's concession and the authority discussed in greater detail below, the Court finds that PTA-FLA's notice to dismiss the ZTE Corp. case was effective and will enter an order of dismissal in that case.

### B.    PTA-FLA's Claims in the ZTE USA Case

Turning now to the ZTE USA case, PTA-FLA contends that, because its notice of dismissal came before ZTE USA filed either an answer or a motion for summary judgment, it was effective under Federal Rule of Civil Procedure 41(a)(1)(A)(i) to dismiss the case in its entirety without further court order. Thus, the first step in the Court's analysis is Rule 41(a)(1)(A), reproduced in full here:

(a) Voluntary Dismissal.
    (1) By the Plaintiff.
        (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
            (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
            (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

"It is well established that Rule 41(a)(1)(i) [sic] grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment." Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990). "The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required." Id.; Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963) ("There is nothing the defendant can do to fan the ashes of [an action dismissed by Rule 41(a)(1) notice] into life and the court has no role to play.").[5]

Moreover, "Rule 41(a)(1) means precisely what it says." Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters, 506 F.2d 914, 916 (5th Cir. 1975). In other words, Rule 41(a)(1)(A)(i) sets forth an objective inquiry—was an answer or a motion for summary judgment filed before the notice—that does not permit the court to withhold dismissal based on how far along the case is or whether the merits of the controversy have been presented to the court in some other manner. Id. (declining to follow interpretation

---

[5] The Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

of <u>Harvey v. Am. Cyanamid Co.</u>, 203 F.2d 105 (2d Cir. 1953) that would prohibit dismissal pursuant to Rule 41(a)(1)(a)(i) when the merits are before the court). Neither a motion to dismiss, <u>Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.</u>, 474 F.2d 250, 253-54 (5th Cir. 1973), nor even a motion for preliminary injunction, which requires consideration of the merits of the case, serves to prohibit dismissal by notice. <u>Williams v. Ezell</u>, 531 F.2d 1261, 1263 (5th Cir. 1976); <u>Pilot Freight Carriers, Inc.</u>, 506 F.2d at 916-17. Courts of appeals have also concluded that "[a] motion to compel arbitration and stay proceedings is not the equivalent of an answer or a motion for summary judgment." <u>Hamilton v. Shearson-Lehman Am. Express, Inc.</u>, 813 F.2d 1532, 1535 (9th Cir. 1987); <u>Merit Ins. Co. v. Leatherby Ins. Co.</u>, 581 F.2d 137, 142 (7th Cir. 1978) (finding no exception to Rule 41(a)(1) for a case stayed pending arbitration, but with no answer or motion for summary judgment, lest the exception swallow the rule). ZTE USA has filed neither an answer to PTA-FLA's complaint or motion for summary judgment. The Court therefore agrees that PTA-FLA's claims are due to be dismissed.

### C. ZTE USA's Motion to Confirm

Dismissal of PTA-FLA's claims does not end the inquiry, however. ZTE USA concedes that PTA-FLA may dismiss its own claims, but contests PTA-FLA's ability to dismiss ZTE USA's motion to confirm, which ZTE USA likens to a counterclaim or motion for summary judgment. ZTE USA argues that the Court retains jurisdiction to confirm the arbitration pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16. Under ZTE USA's reading of authority, Rule 41 does not apply to arbitration confirmation proceedings anyway, so the Court may still rule on its motion to confirm. ZTE USA urges the Court not to credit PTA-FLA's efforts to delay confirmation and

re-litigate the issues resolved by the arbitration in other venues. Instead, ZTE USA requests that the Court reopen the ZTE USA case, add all the parties in the arbitration to that case, confirm the arbitration award, and enter final judgment.

PTA-FLA responds by first disputing that its notice was not effective to terminate the entire ZTE USA case. PTA-FLA also contends that, if its claims were to go away and leave only a confirmation proceeding, the Court would have no independent basis for jurisdiction over the motion to confirm a zero dollar arbitration award. PTA-FLA disputes that it is trying to game the system and avoid the effect of the Final Award because, while the other parties in the arbitration should be free to litigate their own cases, PTA-FLA does not intend to pursue ZTE USA in some other forum. Finally, PTA-FLA notes that, though combined in one document, ZTE USA's motion to confirm and motion to join parties are separate requests and argues that the motion to join parties would not survive PTA-FLA's notice of dismissal.

Upon due consideration, the Court concludes, wholly consistent with Rule 41(a)(1)(A)(i), that PTA-FLA's notice of dismissal did not terminate ZTE USA's motion to confirm and that the Court has jurisdiction to consider it.

In filing the motion to confirm, ZTE USA effectively filed an independent claim as allowed by the FAA. Section 9 of the FAA provides that "any party to the arbitration may apply to the court . . . for an order confirming the award . . . ." 9 U.S.C. § 9. Thus, an "application," rather than a complaint, is the initiating document in the streamlined, summary confirmation proceeding established by the FAA. See Everett v. Paul Davis Restoration Inc., 10-C-634, 2011 WL 1576514, *3 (E.D. Wis. Apr. 26,

2011) ("Although it appears that the typical practice involves the filing of a complaint or counterclaim, it is debatable whether such formality is required [in a confirmation proceeding]."); also Belz v. Morgan Stanley Smith Barney, LLC, No. 3:13-cv-636-J-34MCR, 2014 WL 897048, at *2-3 (M.D. Fla. Mar. 6, 2014). FAA further specifies that applications "shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6.

ZTE USA's motion to confirm, filed before PTA-FLA's notice of dismissal, is therefore similar to a counterclaim. The timing of ZTE USA's motion to confirm distinguishes this case from those PTA-FLA cites where the notice of dismissal preceded the motion to confirm. See Sandata Techs., Inc. v. CareWatch, Inc., No. 3:05cv1714, 2006 WL 2696934, at *1-2 (D. Conn. Sept. 20, 2006). Rule 41(a)(1)(a)(i) does not give PTA-FLA the authority to unilaterally dismiss someone else's claim.[6] The Court thus concludes that PTA-FLA's subsequent notice of dismissal was ineffective to terminate ZTE USA's pending motion to confirm.

Still, PTA-FLA disputes that the Court retains jurisdiction to decide the motion to confirm. As PTA-FLA correctly notes, "the FAA does not confer subject matter jurisdiction. Instead, federal courts must have an independent jurisdictional basis to entertain cases arising under the FAA." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). But, as ZTE USA responds, this case was not filed initially as a petition to compel arbitration or to confirm, vacate, or modify the arbitration award,

---

[6] Because the Court finds PTA-FLA's notice of dismissal ineffective to terminate the motion to confirm, it need not reach the issue of whether Rule 81 prohibits dismissal of confirmation proceedings pursuant to Rule 41(a)(1)(A)(i).

but as a four-count complaint for breach of warranty, breach of covenant of good faith and fair dealing, rescission, and fraud in the inducement. (ZTE USA case, Doc. 1 at 12-63.) The Court retained jurisdiction over this case even after compelling arbitration by staying the case pending the outcome of arbitration rather than dismissing it. (ZTE USA case, Doc. 20); 9 U.S.C. § 3 (directing courts to stay actions properly referred to arbitration until arbitration "has been had in accordance with the terms of the agreement"). Then, with the case only stayed, ZTE USA was free to seek confirmation based on the Court's previously-established subject matter jurisdiction. U-Save Auto Rental of Am., Inc. v. Furlo, 608 F. Supp. 2d 718, 723 (S.D. Miss. 2009) (discussing different approaches to determining amount-in-controversy for arbitration proceedings, but noting that, after arbitration was compelled and the case was closed but not dismissed, "[t]here was nothing to prevent [the plaintiff] from coming back into this court, on the basis of jurisdiction previously established, to seek confirmation of the arbitration award."); see Transouth Fin. Corp. v. Bell, 149 F.3d 1292, 1297 (11th Cir. 1998); Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 705 (2d Cir. 1985); also S. Mills, Inc. v. Nunes, No. 13-11921, 2014 WL 2777279, at *2 (11th Cir. Mar. 27, 2014); cf. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380 (1994) (discussing proper bounds of ancillary jurisdiction). The Court therefore declines to dismiss ZTE USA's motion to confirm on jurisdictional grounds.

Moreover, the Court rejects PTA-FLA's suggestion that no controversy remains simply because the arbitration resulted in a zero award. Judicial confirmation of an arbitration award that puts a dispute to rest decides a live controversy even though

neither side came away from the arbitration with a monetary award. The Court will accordingly dismiss PTA-FLA's claims in the ZTE USA case, but otherwise keep the case open for resolution of ZTE USA's motion to confirm.

### D. Motion to Join Parties

The parties also debate the merits of ZTE USA's request to join additional parties. Because the motion to confirm survives the notice of dismissal, the motion to join survives as well. ZTE USA seeks to join as parties to the ZTE USA case Daredevil, Inc., NTCH West-Tenn, Inc., NTCH-WA, Inc., and Eric Steinmann, all parties to the arbitration proceedings and to their own lawsuits against ZTE USA and/or ZTE Corp. in different districts across the country. As noted earlier, a few of those lawsuits have been dismissed while others continue to proceed. The two remaining suits in which ZTE USA is a defendant, though, have been stayed pending this Court's resolution of the motion to confirm. (See Steinmann v. ZTE Corp., et al., EDCV 11-0578 BRO (SPX) (C.D. Cal. July 25, 2014), Doc. 88; NTCH West-Tenn, Inc. v. ZTE USA, Inc., No. 11-cv-01169-JDB-egb (W.D. Tenn Sept. 9, 2014), Doc. 134.) Daredevil, NTCH West-Tenn, and NTCH-WA have filed responses of sorts to the motion to join, contesting that they had been properly served, while Steinmann filed a response stating that he wished to proceed with his own case and not be joined here. (ZTE USA case, Docs. 28, 29, 31, 36.)

Upon due consideration of the arguments regarding joinder, the Court concludes that Daredevil, NTCH West-Tenn, NTCH-WA, and Steinmann should be joined as parties to the ZTE USA case so that the Court can determine in one action whether the arbitration award should be confirmed vis-à-vis all arbitration

participants.[7] See Fed. R. Civ. P. 19(a), 20; S. Mills, Inc. v. Nunes, No. 1:10-CV-3340-RWS, 2012 WL 4760618, at *2 (N.D. Ga. Oct. 5, 2012).

Accordingly, it is hereby

**ORDERED:**

1.     Pursuant to PTA-FLA's Notice of Voluntary Dismissal in PTA-FLA, Inc. v. ZTE Corporation, 3:12-cv-1003-J-32PDB, the ZTE Corp. case is **DISMISSED without prejudice**. The Clerk should now close the ZTE Corp. case.

2.     Pursuant to PTA-FLA's Notice of Voluntary Dismissal in PTA-FLA, Inc. v. ZTE USA, 3:11-cv-510-J-32JRK, PTA-FLA's claims in the ZTE USA case are **DISMISSED without prejudice**.

3.     However, ZTE USA's Motion to Reopen Case, Join Parties, and Confirm Final Award in Arbitration and Enter Final Judgment Thereon (ZTE USA Case, Doc. 21) is **GRANTED in part** to the extent that (a) the Clerk is **DIRECTED** to lift the stay and reopen the ZTE USA case, and (b) Daredevil, Inc., NTCH West-Tenn, Inc., NTCH-WA, Inc., and Eric Steinmann are **JOINED** as parties to the ZTE USA case. The motion is otherwise **UNDER ADVISEMENT** pending further briefing as set forth below.

4.     In light of the Court's rulings and PTA-FLA's representations that it does not oppose confirmation of the Final Award, PTA-FLA's Motion to Further Stay This

---

[7] In their combined "reply," ZTE USA and ZTE Corp. indirectly suggest that ZTE Corp. should also be added to the ZTE USA case. (ZTE USA, Doc. 51 at 9.) ZTE USA did not request ZTE Corp.'s joinder in its motion, however, and counsel for ZTE Corp. agreed at the December 1, 2014 hearing that the ZTE Corp. case should be dismissed. Accordingly, the Court does not order joinder of ZTE Corp. at this time.

Action and For Extension of Time (ZTE USA case, Doc. 26) is **MOOT**. The Court will not require further briefing from PTA-FLA.

5.     Defendant ZTE USA, Inc.'s Motion to Seal Final Award in Arbitration (ZTE USA case, Doc. 22) is **MOOT**.

6.     On or before **January 22, 2015**, ZTE USA shall file a combined response to the arguments regarding personal jurisdiction and service of process in the responses filed by Daredevil, NTCH West-Tenn, and NTCH-WA (ZTE USA case, Docs. 28, 29, 31).

7.     On or before **January 22, 2015**, Daredevil, Inc., NTCH West-Tenn, Inc., NTCH-WA, Inc., and Eric Steinmann shall file their responses to ZTE USA's motion to confirm and for entry of judgment, without prejudice to their arguments regarding personal jurisdiction and service of process.

8.     On or before **February 5, 2015**, ZTE USA shall file any reply of no more than ten pages in length in support of its motion to confirm and for entry of judgment.

9.     ZTE USA is **DIRECTED** to forthwith serve this Order on Daredevil, NTCH West-Tenn, NTCH-WA, and Eric Steinmann and file a certificate confirming service.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of December, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of record