IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PTA-FLA, Inc., a Florida corporation, et al,

Plaintiffs

CASE NO. 3:11-CV-00510-TJC-JRK

vs.

ZTE USA, Inc., a New Jersey corporation,

Defendant.

---

**OPPOSITION OF NTCH-WA, INC. TO MOTION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT**

Pursuant to this Court's Order dated December 16, 2014 (DE 58), joined party NTCH-WA, Inc. ("NTCH-WA") hereby responds to Defendant ZTE USA, Inc.'s Motion to Confirm Final Award in Arbitration. For the reasons set forth below, this Court should deny the motion and not confirm the arbitration award.

## BACKGROUND

The following facts are taken from the arbitration claimants' "Statement of Claim of Claimants" ("Cl. St."), a copy of which is attached to the Declaration of Shannon Gallagher as Exhibit A.

NTCH-WA builds and operates telephone networks in the state of Washington. *See* Cl. St. ¶ 1. Defendant ZTE USA, a New Jersey corporation, sells telecommunications equipment

manufactured by its parent company ZTE Corporation ("ZTE Corp."), which is organized under the laws of the People's Republic of China.

NTCH-WA's affiliate, PTA-FLA, Inc. ("PTA-FLA") negotiated with ZTE USA to purchase equipment to build a fully functioning cellular network in Florida. *Id.* ¶¶ 11-12. Although ZTE was new to the United States Market and had no equipment in operation in the U.S., the company specifically and unequivocally represented that the Equipment would be functional and compatible with all United States standards. *Id.* ¶ 20. Contrary to these representations and applicable agreements, the ZTE equipment did not meet the United States industry or regulatory standards. *Id.* ¶¶ 21, 27-28. As a result of these deficiencies, and ZTEs failure to promptly correct them, PTA-FLA was unable to launch a Jacksonville market as it intended and ultimately sold the market to a competitor. *Id.* ¶¶ 31-32. The competitor, however, did not want to use ZTE's equipment and PTA-FLA was required to uninstall it. *Id.* ¶ 33.

In an attempt to resolve the parties' differences without litigation, the parties agreed that PTA-FLA's affiliate, NTCH West-Tenn, Inc. ("NTCH West-Tenn"), could use the equipment in connection with its effort to build out a market in Jackson, Tennessee. *Id.* ¶ 42. However, over a period of several years, ZTE USA and ZTE Corp could not, despite promises to the contrary, get the equipment to work. *Id.* ¶ 51. A particularly vexing problem was the lack of MMS ("picture mail") functionality, which caused NTCH West-Tenn significant business and reputational problems. *Id.* ¶¶ 51, 56-58.

Meanwhile, NTCH-WA had agreed to purchase equipment which allowed it to remotely connect to the Jackson network, and also agreed to take possession of some of PTA-FLA's ZTE equipment. *Id.* ¶ 61. NTCH-WA relied on promises by ZTE USA that the Jackson network would function properly in making these agreements. *Id.* ¶ 62 ZTE USA failed to deliver the

equipment in a timely manner, and never disclosed to NTCH-WA that the MMS platform in Jackson was not intended for commercial use. *Id.* ¶ 63-67. Even when NTCH-WA finally received ZTE equipment, the MMS platform still did not function properly. *Id.* ¶ 68. Because the Jackson network never functioned properly, NTCH-WA's network could not function either. *Id.* ¶ 70. Thus, NTCH-WA was forced to abandon the use of its ZTE equipment. *Id.* ¶ 69-70.

After trying extensively to work out a solution short of litigation, NTCH-WA ultimately filed claims against ZTE USA with the International Centre of Dispute Resolution. *Id.* ¶ 118-121, 200-219. Specifically, NTCH-WA brought claims of breach of contract, fraud, and unjust enrichment. *Id.* ¶ 200-219. Parties included in this arbitration consisted of claimants NTCH-WA, NTCH West-Tenn, PTA-FLA, Daredevil, Inc., and Eric Steinmann, and respondents ZTE USA and ZTE Corp. Notably, however, NTCH-WA never filed an action in any court against ZTE USA.

On February 11, 2014, the arbitrator issued a "Final Award." A mere three hours later, ZTE USA filed a 16 page motion in the Middle district of Florida to "Reopen Case, Join Parties, and Confirm Final Award in Arbitration and Enter Final Judgment Thereon." The ClearTalk entities requested a correction of that award which ZTE USA opposed. The arbitrator granted the correction request on March 12, 2014, thereby finalizing the Award. NTCH-WA, Inc. was issued an award of $0. DE 52-1 at 17.

On December 16, 2014, this Court ordered that NTCH-WA, Inc. file its response to ZTE USA's motion to confirm and for entry of judgment. Accordingly, NTCH-WA responds below.

## **ARGUMENT**

### A. This Court Does Not Have Subject Matter Jurisdiction Regarding the Dispute Between These Parties.

Although the Court concluded in its December 16 Order that it had subject matter jurisdiction because an action had originally been filed by **PTA-FLA** against ZTE USA where there was diversity of citizenship and a sufficient amount in controversy when the original action had been filed, that conclusion would seemingly and rightfully apply only to the dispute between those two parties. NTCH-WA invites the court's attention to the fact that NTCH-WA did not file an action in Florida or any other court to assert any claim against ZTE USA and has taken no other step which would give this court subject matter jurisdiction over its dispute with ZTE USA.

As ZTE USA notes in its motion to confirm, NTCH-WA never sued ZTE USA in any court and voluntarily submitted its claims to arbitration. DE 21 at 5. At the conclusion of the arbitration proceeding, the Arbitrator issued a $0 award to both NTCH-WA and ZTE USA. *See* DE 52-1.

It is well established that the Federal Arbitration Act (FAA) does not confer subject-matter jurisdiction on the federal courts. *Baltin v. Alaron Trading Corp.*, 128 F.3d. 1466, 1471-72 (11th Cir. 1997). In order for a federal court to confirm an arbitration award, pursuant to 9 U.S.C. § 9, the court must either establish subject-matter jurisdiction through federal question jurisdiction or diversity jurisdiction. *Peebles v. Merill, Lynch, Pierce, Fenner & Smith, Inc.* 431 F.3d 1320, 1325 (11th Cir. 2005). Here, neither party argues that this motion to confirm an arbitration award presents the court with federal question jurisdiction. Therefore, in order for the court's exercise of subject-matter jurisdiction, the requirements of 28 U.S.C. § 1332 (a)(1) must be met.

NTCH-WA contends that the court cannot validly exercise diversity jurisdiction because the amount-in-controversy requirement is not satisfied because the arbitration award that ZTE USA seeks to confirm is $0.

In determining the amount-in-controversy of a motion to confirm an arbitration award under 9 U.S.C. § 9, the Eleventh Circuit follows the "Award Approach." *Baltin*, 128 F.3d at 1472; See also *Choice Hotels Int'l, Inc. v. Shiv Hospitality, LLC*, 491 F.3d 171, 175 (4th Cir. 2007); Christopher L. Frost, *Welcome to the Jungle: Rethinking the Amount in Controversy in a Petition to Vacate an Arbitration Award Under the Federal Arbitration Act*, 32 Pepp. L. Rev. 227 (2005).

Under the Award Approach, the amount-in-controversy requirement is satisfied only if the arbitration award at issue exceeds $75,000. Id. Here, under the Eleventh Circuit's approach, the amount-in-controversy requirement is clearly not met here because ZTE USA seeks to confirm a $0 award with respect to the claims made by NTCH-WA. Therefore, the Court does not have subject-matter jurisdiction to confirm the arbitration award.

ZTE USA argues that this court could validly exercise subject matter jurisdiction over its motion to confirm the arbitration award because the Court never dismissed the case after issuing its order compelling arbitration and, therefore, maintained subject-matter jurisdiction validly exercised over the initial proceedings. The point this argument misses is that the order compelling arbitration was <u>only with respect to PTA-FLA and ZTE USA</u>. No other parties were subject to that order.

ZTE USA argues that differences in the procedural posture of this case distinguish it from the Eleventh Circuit's cases adopting the Award Approach. Based on these differences, ZTE USA argues that this Court should adopt the approach taken by the Fourth Circuit and by the

Federal District Court for the Southern District of Mississippi allowing the Court to maintain subject-matter jurisdiction over a motion to confirm an arbitration award where the court has already granted a motion to compel arbitration and stayed proceedings, rather than dismiss the proceedings, pending the outcome of arbitration. Again, however, ZTE USA wrongfully lumps NTCH-WA into the action between PTA-FLA and ZTE USA. Neither this court nor any other court has ever compelled NTCH-WA to arbitrate its claims.

Because NTCH did not file an action in this Court or any other court and because neither this Court nor any other court ever issued an order compelling NTCH to arbitrate its claims, this court does not have subject matter jurisdiction over this action because the amount in controversy, under the 11th Circuits standards, is zero. To hold otherwise would conflict with the Eleventh Circuit's adoption of the Award Approach.

Finally, there is no reason for this court to exercise subject-matter jurisdiction over the motion to confirm the arbitration award in spite of the well-established presumption against a federal court's exercise of its limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Turner v. Bank of North-America*, 4 U.S. 8, 11 (1799)). Even if there was, the defendant has the burden of establishing that this Court has competent jurisdiction. *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). ZTE USA has not met this burden, as ZTE USA did not address the issue of amount in controversy in its motion to confirm. *See* DE 21 at 11. Dismissing this case for lack of subject matter jurisdiction would not preclude the proper state court of competent jurisdiction from hearing it.

**2. Joinder of NTCH-WA is not necessary or appropriate to confirm the award between PTA-FLA and ZTE USA.**

Even if the amount in controversy was met in this case, ZTE USA's argument in favor of joinder – that it is necessary in order to afford the parties complete relief -- is meritless. *See Bacardi Ltd. v. V. Suarez & Co., Inc.*, 719 F.3d 1, 10-14 (1st Cir. 2013) (holding that Fed. R. Civ. P. 19 did not require party in arbitration proceeding to be joined in confirmation proceeding involving other parties and complete relief could be afforded among those already parties to the case); *Dennis v. Wachovia Secs., LLC*, 429 F. Supp. 2d 281, 290 (D. Mass. 2006) (holding that party in arbitration was not an indispensable party pursuant to Fed. R. Civ. P. 19 in confirmation action); *see also Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (holding that where arbitration awards are divisible, courts can vacate parts of the award and leave the remainder in force).

Even if the Court concludes that a zero award between PTA-FLA and ZTE USA can properly be confirmed, the Court can competently confirm the award as between those two parties only and leave NTCH-WA and any other party involved in the arbitration unaffected by the confirmation of the award. ZTE would then be free to seek confirmation in whatever other forum (such as Washington) was appropriate for such confirmation.

## CONCLUSION

Based on the foregoing, NTCH-WA respectfully requests that the Court deny the motion to confirm the arbitration award as to NTCH-WA.

Dated: January 22, 2015

Respectfully submitted,

**BAGGETT LAW**

s/Matthew B. Baggett
MATTHEW B. BAGGETT
Florida Bar No.: 0015896
1539 San Marco Boulevard
Jacksonville, Florida 32207
(904) 396.1100 (Phone)
(904) 404.8346 (Fax)
*mbb@baggettlaw.com*
*cnp@baggettlaw.com*
Co-Counsel for NTCH-WA

*and*

**GALLAGHER & MOORE**

Shannon Gallagher
2 Park Plaza, Suite 680
Irvine, CA 92614-2589
949-955-2880 (phone)
949-955-2875 (fax)
*sgallagher@gallagherandmoore.com*
Co-Counsel for NTCH-WA
(Pro Hac Vice Admission Pending)

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2015, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the counsel so indicated below:

Laura E. Besvinick
Matthew Bray
Hogan Lovells US LLP
Ste 2700
600 Brickell Ave
Miami, FL 33131
*laura.besvinick@HoganLovells.com*
*matthew.r.bray@hoganlovells.com*

s/Matthew B. Baggett