IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PTA-FLA, Inc., a Florida corporation, et al,

Plaintiffs

CASE NO. 3:11-CV-00510-TJC-JRK

vs.

ZTE USA, Inc., a New Jersey corporation,

Defendant.

---

**OPPOSITION OF ERIC STEINMANN TO DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT**

Pursuant to this Court's Order dated December 16, 2014 (DE 58), joined party Eric Steinmann ("Steinmann") hereby responds to Defendant ZTE USA, Inc.'s Motion to Confirm Final Award in Arbitration. For the reasons set forth below, this Court should deny the motion and not confirm the arbitration award.

## BACKGROUND

### 1. Steinmann's Claims

The following facts are taken from the arbitration claimants' "Statement of Claim of Claimants" ("Cl. St."), a copy of which is attached to the Declaration of Shannon Gallagher ("Gallagher Decl.") as Exhibit A.

Plaintiff Eric Steinmann ("Steinmann") was the development manager for several wireless telecommunications companies, PTA-FLA, Inc. ("PTA-FLA"), NTCH West-Tenn, Inc.,

Daredevil, Inc., and NTCH-WA (collectively, the "ClearTalk Companies"). Defendant is a telecommunications manufacturer located and based in Shenzen, China. Non-party ZTE (USA), Inc. ("ZTE USA") is Defendant's U.S. based subsidiary. Cl. St. ¶¶ 2, 3.

In or around September 2006, PTA-FLA, Inc. entered into an agreement for a large telecommunications purchase from ZTE USA. Schedule 8 of that agreement was a Vendor Financing Agreement ("VFA") which required PA-LFA or its guarantors to post $2,000,000 as collateral. Specifically, the VFA provided:

> The $2,000,000 USD is agreed to be converted to RMB at the spot rate of the transaction date and accrue interest at the Bank of China's rate of (2.8%) for the following 3 years, or for the period remaining that is required as collateral herein, if less. thereafter [sic] retirement of this credit facility will be in USD as the then spot rate on the retirement date. ZTE guarantees to return this facility in full in accordance with the provisions hereof if [PTA-FLA] has fulfilled its repayment obligations to ZTE in accordance with this Vendor Financing Agreement. [sic]

The provision was amended by handwritten interlineation initialed by the parties, deleting the (2.8%) figure and stating that "This rate will be the spot rate at the time of the $2,000,000 deposit and will be adjusted annually thereafter." *Id.* ¶¶ 22-23; Gallagher Decl., Ex. B.

Pursuant to the provision, on or about April 5, 2007, Steinmann deposited $2,000,000 USD of his personal funds into ZTE USA's account. ZTE USA represented to Steinmann that the money would be held in a Bank of China account controlled by ZTE Corp. on Steinmann's behalf (the "Collateral"). ZTE USA further represented to Steinmann that the amount returned to Steinmann would increase or decrease based on fluctuations in the value of Chinese currency. *See* Cl. St. ¶¶ 24-25.

On or about July 16, 2008, PTA-FLA repaid all of its obligations then owing to ZTE USA, triggering the return of the Collateral to Steinmann. ZTE Corp. refused to return the Collateral, despite Steinmann's due demand. Moreover, ZTE Corp. refused to account for the

interest and currency fluctuations in the Collateral which would determine the amount to be returned to him. *Id*. ¶¶ 7, 273-74, 281, 300.

**2. The Arbitration**

In addition to Steinmann's problems with ZTE Corp. and ZTE USA, the ClearTalk Companies also had claims against these entities. Two, but not all, of the ClearTalk Companies had claims that were subject to arbitration provisions. These arbitration provisions required that the claims be "administered by the International Centre for Dispute Resolution of the American Arbitration Association ("AAA") in accordance with its International Arbitration Rules." *See* Gallagher Decl., Ex. B p. 12. Since at least some of the claims were going to be subject to arbitration, the parties discussed handling all of the claims in arbitration before one arbitrator as a means of streamlining their resolution. Declaration of Jon Atabek, attached to the Declaration of Shannon Gallagher as Exhibit I ("Atabek Decl.") ¶ 5. These discussions were held between the ClearTalk Companies' attorney, Jon Atabek, and ZTE Corp. and ZTE USA's attorneys, Thomas Borchard and Laura Besvinck. *Id*. Ultimately, the parties reached an agreement that all of the claims of Steinmann, the ClearTalk Companies, ZTE Corp. and ZTE USA would be heard in arbitration ("Arbitration Agreement"). *Id*. ¶ 6. In accordance with the "Arbitration Agreement," on December 9, 2011, the Plaintiffs and Defendant in this case entered a stipulation to stay this case pending the arbitration of the claims. Dkt. No. 20. The stipulation included the following statement:

> Actions related to the pending claims were previously filed in Florida, Missouri, South Carolina and Tennessee, and the parties have agreed to submit all of the claims, including the pending claim, to Arbitration (the "Arbitration").

*Id*. para 3.

That same day, Steinmann and the ClearTalk Companies filed a Demand for Arbitration and First Statement of Claim against ZTE Corp. and ZTE USA. Atabek Decl., Ex. A ("Demand"). In addition to Steinmann's claims for breach of the VFA, breach of fiduciary duty, commodities fraud, violations of California Business and Professions Code § 17200, money had and received, open account, and unjust enrichment, the ClearTalk Companies asserted several additional and separate claims against ZTE Corp., including: breach of contract, rescission, promissory estoppel, and fraud in the inducement (by PTA-FLA, Inc.); breach of contract, violation of the Tennessee Consumer Protection Act, promissory estoppel, negligence, and fraudulent misrepresentation (by NTCH West-Tenn, Inc.; breach of contract, rescission, and unjust enrichment (by Daredevil, Inc.), breach of contract (by NTCH-WA, Inc.). *Id.*

ZTE Corp. did not initially object to the inclusion of the ClearTalk Companies' claims against it in the arbitration. Atabek Decl. ¶ 9. Indeed, during the first three months of the arbitration, ZTE fully participated without once mentioning an objection to the new claims. *Id*. For example, ZTE Corp. participated in the process of selecting the arbitrator and participated in drafting an appropriate scheduling order setting forth the procedures applicable to the case. *Id*.

Importantly, on February 4, 2012, ZTE Corp. filed an Answer to Claimants' First Amended Statement of Claim and Counterclaims ("Answer and Counterclaims"). Atabek Decl., Ex. D. Although ZTE Corp. raised several affirmative defenses in its Answer and Counterclaims, it did not object to the arbitrability of the ClearTalk Companies' claims. *See id*. In addition, ZTE Corp. asserted counterclaims against the arbitration claimants which claims had never been asserted previously. *Id*. at 26-27. The behavior in these first few months was consistent with the parties' Arbitration Agreement in which they agreed to arbitrate <u>all</u> claims between them.

After initially performing in accordance with the Arbitration Agreement, ZTE Corp. abruptly reversed course at the end of February 2012 and took the position that the only claims it agreed to arbitrate were Steinmann's claims. *Id.* ¶ 11. This was inconsistent with the understanding of the ClearTalk Companies and Steinmann of the Arbitration Agreement. *Id.* ¶ 12. Since they were not bound to arbitrate with ZTE Corp. by any arbitration provision, they only voluntarily agreed to do so on the premise that all the claims would be resolved in one forum. *Id.* ¶ 13. Over the claimants' objection, the arbitrator ruled on June 4, 2012 that the only claims against ZTE Corp. to be included in the arbitration were Steinmann's claims. *Id.*, Ex. E.

Accordingly, over claimant's objection, the parties proceeded to arbitration. ZTE Corp., however, refused to provide any discovery. *Id.* ¶ 15. Then, in June of 2013, without Plaintiff having the benefit of any discovery, the arbitrator issued a one sentence that was not a reasoned decision, as the parties had agreed the arbitrator was required to issue. *See* Gallagher Decl., Ex. E.

On February 11, 2014, the arbitrator issued a Final Award that contained an error. *Id.*, Ex. F. A mere three hours later, ZTE USA filed a motion to confirm the award in the Middle District of Florida, Jacksonville Division. The ClearTalk Companies sought to correct the Final Award. *Id.* ¶ 10. The arbitrator granted the correction request on March 12, 2014, at which point the Award actually became final. *See id.*, Ex. G. The Final Award does not contain any more detail or "reasoning" than the June 2013 ruling. *See id.*, Ex. F.

## <u>ARGUMENT</u>

### A. This Court Does Not Have Subject-Matter Jurisdiction Regarding the Dispute Between These Parties.

Although the Court concluded in its December 16 Order that it had subject matter jurisdiction because an action had originally been filed by **<u>PTA-FLA</u>** against ZTE USA where there was diversity of citizenship and a sufficient amount in controversy, that conclusion would seemingly and rightfully apply only to the dispute between those two parties. Steinmann invites the court's attention to the fact that Steinmann did not file an action in Florida to assert any claim against ZTE USA and has taken no other step which would give this court subject matter jurisdiction over his dispute with ZTE USA.

As the court is aware, the language of § 9 of the Federal Arbitration Act states that "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award . . . ." 9 U. S. C. § 9. "Section 9 is conspicuously optional; the first word is 'if.'" *Insurdata Mktg. Servs. v. Healthplan Servs*., 352 F. Supp. 2d 1252, 1255 (M.D. Fla. 2005)(citing *Booth v. Hume Publishing, Inc.*, 902 F.2d 925 (11th Cir. 1990)). "In short, *if the parties agree* . . . application for confirmation and judgment is available as a speedy remedy to complement the otherwise available, but more ponderous, remedy of complaint and judgment." *Id* (emphasis added). Thus, in order for ZTE USA to have properly brought a confirmation proceeding before the Court, an agreement must exist between Steinmann and ZTE USA that allows the Court to enter a judgment on such.

Notably, no formal arbitration agreement, nor any contractual arbitration provision, exists between ZTE USA and Steinmann. Instead, the parties memorialized the agreement to arbitrate in a Stipulation Agreement filed in the Central District of California, formally entered into between Eric Steinmann and Dolores Franco (the latter of whom has not been made a party to these proceedings) as Plaintiffs, and ZTE Corporation and ZTE USA as Defendants, which states that "Plaintiffs and Defendants hereby stipulate . . . to stay the action pending arbitration of the claims in the Complaint in the Arbitration." The Stipulation Agreement makes no reference to the authority of this Court, or any court, to enter a final judgment on the award entered in the arbitration between the parties.

While an exception provides that explicit agreement to allow judicial confirmation of an arbitration award in court is not always required to bestow jurisdiction on the courts, (*Booth*, 902 F.2d at 927 ("An explicit agreement between the parties providing for judicial confirmation of an award is not an absolute prerequisite to authority under §9 of the Federal Arbitration Act . . . to enter judgment on the award.")), this exception provided by the Eleventh Circuit is not applicable in the case at hand.

In *Booth*, the court determined that "[w]here the parties agreed that arbitration would be final and binding, and where the appellant invoked the jurisdiction of the federal court by initially filing a complaint on the underlying contract, the district court is authorized to enter judgment on the award." *Id.* Here, the Stipulation Agreement does not implicate that the arbitration award reached under same would be final and binding. *See* Ex. B. Furthermore, Steinmann *never* filed a Complaint against ZTE USA in this District Court; rather, the complaint was filed in the Central District of California. Accordingly, pursuant to § 9 of the FAA, the

present Court does not have subject matter jurisdiction to enter a final judgment on the Arbitration Award.

**B. The Court Should Deny the Motion to Confirm**

Even if the court were to reach the merits of the motion to confirm, the motion should still be denied. In this regard, Steinmann has filed a motion to vacate the arbitration award in the action pending in the Central District of California and hereby incorporates the arguments made there as though fully set forth herein.

**1. The Arbitrator exceeded his powers.**

The FAA provides that an arbitration award must be vacated where "the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." 9 U.S.C. § 10. One way that an arbitrator exceeds his or her powers is by failing to meet their obligations with respect to the form of the award. *W. Employers Ins. Co. v. Jefferies & Co., Inc.*, 958 F.2d 258, 262 (9th Cir. 1992); *Hopi Tribe v. Navajo Nation*, CV-13-08172-PCT-GMS, 2013 WL 5965642, at *5 (D. Ariz. Nov. 8, 2013); *see Martin v. Wells Fargo Fin. Alaska, Inc.*, 199 F. App'x 629, 630 (9th Cir. 2006). The Award should be vacated here because the arbitrator failed to provide a written explanation of the award for which the parties contracted.

Steinmann asserted claims against ZTE Corp. for breach of the VFA, breach of fiduciary duty, commodities fraud, violations of California Business and Professions Code § 17200, money had and received, open account, and unjust enrichment. The arbitrator dismissed all of these claims in a one sentence ruling without providing any explanation. *See* Gallagher Decl. Ex

E, Ex. F at 2. International Rule of Arbitration Article 27.2, which the parties were proceeding under, provides as follows:

> 1. Awards shall be made in writing, promptly by the tribunal, and shall be final and binding on the parties. The parties undertake to carry out any such award without delay.
>
> 2. The tribunal shall state the reasons upon which the award is based, unless the parties have agreed that no reasons need be given.

Gallagher Decl., Ex. H. The parties never agreed that "no reasons need be given," thus the arbitrator was required to state his reasons for the award. *See id*. ¶ 13.

The arbitrator's barebones ruling does not fulfill the arbitrator's duty to provide the reasons for the award pursuant to International Arbitration Rule Article 27.2. While there is scant case law interpreting the requirements of Article 27.2, cases interpreting requirements that an arbitrator provide a "reasoned award," – arguably a less stringent standard – are instructive. For example, the Eleventh Circuit has explained:

> Determining whether an award is reasoned first requires some context. Generally, an arbitrator need not explain her decision; thus, in a typical arbitration where no specific form of award is requested, arbitrators may provide a "standard award" and simply announce a result. … At the other end of the spectrum, the Arbitration Rules allow parties to request that the arbitrators make "findings of fact and conclusions of law," a relatively exacting standard familiar to the federal courts. …
>
> Logically, the varying forms of awards may be considered along a "spectrum of increasingly reasoned awards," with a "standard award" requiring the least explanation and "findings of fact and conclusions of law" requiring the most. In this light, therefore, a "reasoned award is something short of findings and conclusions but more than a simple result."

*Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 844 (11th Cir. 2011). Here, the arbitrator simply announced his result without giving any reasons whatsoever. Since the denial violated

Article 27.2, it was rendered in excess of the arbitrator's power and should be vacated. *See W. Employers Ins. Co.*, 958 F.2d at 262 (vacating award where arbitrator failed to state reasons upon which it is given); *Play Star, S.A. De C.V. v. Haschel Exp. Corp.*, 02 CIV. 7364(LLS), 2003 WL 1961625, at *3 (S.D.N.Y. Apr. 28, 2003) (remanding case due to arbitrator's failure to comply with Article 27.2); *c.f. Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 473-74 (5th Cir. 2012) (denying motion to vacate where arbitrator's eight page award "laid out the facts, described the contentions of the parties, and decided which of the two proposals should prevail"); *ARCH Dev. Corp. v. Biomet, Inc.*, 02 C 9013, 2003 WL 21697742, at *5 (N.D. Ill. July 30, 2003) (holding that "reasoned award" standard met where arbitrator cited relevant contractual provisions and definitions and explained their applicability).

Moreover, since, ZTE Corp. reneged on the Arbitration Agreement after the Arbitration commenced, *see* p. 3-4 *supra*, under no circumstances should the dispute be remanded to the arbitrator.

**2. The Arbitrator refused to hear pertinent and material evidence.**

The FAA also requires that an award be vacated where the arbitrator "refus[es] to hear evidence pertinent and material to the controversy." 9. U.S.C. § 10(a)(3). Under the FAA, an arbitrator must provide parties with an "adequate opportunity to present its evidence and arguments." *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d at 1175 (quoting *Sunshine Mining Co. v. United Steelworkers of Am.*, 823 F.2d 1289, 1295 (9th Cir.1987)); *Davis v. Prudential Sec.*, 59 F.3d 1186, 1193 (11th Cir. 1995) (finding that due process is met when parties have the opportunity to present evidence in arbitration); *Perhach v. Option One Mortg. Corp.*, 382 F. App'x 897, 900 (11th Cir. 2010) (finding that the arbitrator must grant parties the

opportunity to present evidence in arbitration); *Hopi Tribe v. Navajo Nation*, CV-13-08172-PCT-GMS, 2013 WL 5965642 (D. Ariz. Nov. 8, 2013).

Prior to the arbitrator's ruling on Steinmann's claims, Steinmann made several requests for discovery from ZTE Corp. Each of these requests was refused or denied. Atabek Decl. ¶ 15. Thus at the time of the arbitrator's June 2013 ruling, ZTE Corp. had not produced any discovery. *Id*. ¶ 16.

Steinmann was prejudiced by the arbitrator's denial of discovery. Although the arbitrator purported to dismiss the claims "as a matter of law," Respondents' motion was based on factual, not legal arguments. *See* Gallagher Decl., Ex. C. Specifically, Respondents argued that Steinmann was not damaged because he agreed to apply the $2,000,000 Collateral to a payment another ClearTalk Company owed ZTE USA and was later reimbursed by ClearTalk for the $2,000,000 payment. *Id*. Steinmann opposed the motion for, among other reasons the fact that there was no explanation as to what happened to the interest and currency fluctuation earnings on the Collateral – or even state what they were. Respondents were not able to demonstrate that Steinmann was made whole absent producing evidence as to what sum of money was required to make him whole. *See* Gallagher Decl., Ex. D.

The evidence Steinmann needed was as simple as Bank of China account records reflecting interest accrual and currency fluctuations. The arbitrator, however ruled on Steinmann's claim without giving him the opportunity to obtain this evidence or even considering that it would be relevant. Since Steinmann did not have the opportunity presented – and the arbitrator did not have the opportunity to consider -- relevant facts that would support his claims, the Award should be vacated. *See In Matter of Watkins-Johnson Co. v. Pub. Utilities*

*Auditors*, C-95 20715 RMW(E.I.), 1996 WL 83883, at *4 (N.D. Cal. Feb. 20, 1996) (holding that arbitrator's refusal to hear pertinent evidence violated the FAA).

**3. The arbitrator's ruling as to Steinmann was not a final award.**

As to the motion to confirm the arbitrator's ruling as to Steinmann, the motion should be denied because the email is not a final award. Only final awards may be confirmed under the Federal Arbitration Act. *See See SensorDynamics AG Entwicklungs--Und Produktionsgesellschaft v. Memsco, LLC*, 407 F. App'x 201 (9th Cir. 2010); *Swenson v. Bushman Inv. Props., Ltd.*, 870 F. Supp. 2d 1049, 1054 (D. Idaho 2012).

Even if the June 13, 2013 email from the arbitrator could be considered an "award" despite the lack of any label or other indication that it was intended as such, an interim award issued prior to the completion of arbitration is only final for purposes of a motion to confirm or vacate if "'the award states it is final, and if the arbitrator intended the award to be final.'" *Swenson*, 870 F. Supp. 2d at 1054 (quoting *Bosack v. Soward*, 586 F.3d 1096, 1103 (9th Cir. 2009)). The fact that the arbitration hearing remains open after the award was issued suggests that the arbitrator did not intend the award to be final. *Id*.; *see also California Pac. Med. Ctr. v. Serv. Employees Int'l Union*, C 06 4685 SC, 2007 WL 81906, at *5 (N.D. Cal. Jan. 9, 2007) *aff'd*, 300 F. App'x 471 (9th Cir. 2008) ("'final' means final").

A comparison of the June 13, 2013 email with the Final Award (as corrected), plainly illustrates the difference between a final award and a non-final interim order. The June 13, 2013 email does not state anywhere that it is "final," is not described as an "award," and does not evince the arbitrator's intention that he intended the communication to be a final award.

In contrast, the Final Award states that it is final in several places and is described as being in "full settlement of all claims submitted to this arbitration." Moreover, the June 13, 2013

email does not meet the ICDR requirements for a final award which mandate that the award "contain the date and the place where the award was made. . . ." and "fix the costs of arbitration . . . ." *See* Arts. 27 and 31 of the ICDR Rules. Conversely, the Final Award complies with both of these requirements.

Finally, after the June 13, 2013 email was sent, the hearing remained open for approximately twelve more months, further evincing the absence of the arbitrator's intention that the email be considered a final award.

Since the June 13, 2013 email was not a final award, it cannot be confirmed. Courts routinely deny motions to confirm on the grounds that the ruling sought to be confirmed is not a final award. *See SensorDynamics AG Entwicklungs--Und Produktionsgesellschaft*, 407 F. App'x 201 (affirming denial of petition to confirm award that did not resolve all claims); *California Pac. Med. Ctr. v. Serv. Employees Int'l Union*, 300 F. App'x 471, 473 (9th Cir. 2008) (holding that motion to modify or vacate arbitration award was premature where award was not final); *Aerojet-Gen. Corp. v. Am. Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973) (holding that appeals of interlocutory rulings frustrates the purpose of the FAA); *Hyatt Corp. v. Unite Here Local 5*, CIV. 11-00645 JMS, 2012 WL 652098, at *5 (D. Haw. Feb. 29, 2012); *Miller Paneling Specialties, Inc. v. Carpenters 46 N. California Counties Conference Bd.*, 2:13-CV-01477-TLN, 2013 WL 6491516, at *2-3 (E.D. Cal. Dec. 10, 2013); *In re Pac. Gas & Elec. Co.*, CV-08-1211 CW, 2008 WL 2004275, at *3 (N.D. Cal. May 5, 2008). Accordingly, the Court should deny Defendants' motion on the grounds that it is not final.

## CONCLUSION

For the foregoing reasons, joined party Eric Steinmann respectfully requests that this Court deny the motion to confirm the arbitration award.

Respectfully submitted,

**BAGGETT LAW**

s/Matthew B. Baggett
MATTHEW B. BAGGETT
Florida Bar No.: 0015896
1539 San Marco Boulevard
Jacksonville, Florida 32207
(904) 396.1100 (Phone)
(904) 404.8346 (Fax)
*mbb@baggettlaw.com*
*cnp@baggettlaw.com*
Co-Counsel for Steinmann

*and*

**GALLAGHER & MOORE**

Shannon Gallagher
2 Park Plaza, Suite 680
Irvine, CA 92614-2589
949-955-2880 (phone)
949-955-2875 (fax)
*sgallagher@gallagherandmoore.com*
Co-Counsel for Steinmann
(Pro Hac Vice Admission Pending)

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2015, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the counsel so indicated below:

Laura E. Besvinick
Matthew Bray
Hogan Lovells US LLP
Ste 2700
600 Brickell Ave

Miami, FL 33131
*laura.besvinick@HoganLovells.com*
*matthew.r.bray@hoganlovells.com*

s/Matthew B. Baggett