IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PTA-FLA, Inc., a Florida corporation,

Plaintiff, CASE NO. 3:11-CV-00510-TJC-JRK

vs.

ZTE USA, Inc., a New Jersey corporation,

Defendant.
________________________________/

**DEFENDANT ZTE USA'S COMBINED REPLY IN SUPPORT OF ITS MOTION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT**

Pursuant to the Order dated December 16, 2014 (DE 58), defendant ZTE USA, Inc. ("ZTE USA") hereby files its combined reply in support of its Motion to Reopen Case, Join Parties, and Confirm Final Award in Arbitration and Enter Final Judgment Thereon (DE 21) (the "Confirmation Motion").[1] For the reasons set forth in the Confirmation Motion and below, the Court should confirm the Final Award in its entirety and enter final judgment in favor of ZTE USA.

## I. NTCH-TN

Jurisdictional issues.

First, NTCH-West Tenn, Inc. ("NTCH-TN") argues that the Court lacks jurisdiction because "no formal agreement, nor any contractual arbitration provision, exists between ZTE USA and NTCH." DE 63 at 5-6. This argument fails for multiple reasons.

1. The argument ignores the arbitral determination of Justice Harding to the contrary. In the Final Award, Justice Harding determined that all of the ClearTalk entities were bound by the MSAs. *See* Final Award at 6 ("Cleartalk is bound by the Limitation of Liability provision of the MSAs.") (copy attached as Exh. 1). Section 20 of the MSAs states: "The parties to this Agreement expressly agree that any order or award of the arbitrator shall be final and binding and may be enforced in any court of competent jurisdiction." DE 2 at 23; DE 21-7 at 13.

Justice Harding's determination that the MSAs bind all of the ClearTalk entities is entitled to deference. The Eleventh Circuit has stated that it "will not evaluate or disturb the factfinding of arbitrators" regarding the application of a contract. *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 840 n.4 (11th Cir. 2011) (citing *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504 (1981)). Because Justice Harding determined that the MSAs bind

[1] Responses were filed by NTCH-WA, Inc. (DE 62), NTCH-West Tenn, Inc. (DE 63), and Eric Steinmann (DE 64) only. Daredevil, Inc. filed no opposition to the Confirmation Motion and apparently does not oppose confirmation.

all of the ClearTalk entities -- including NTCH-TN -- and the MSAs expressly provide that any award "shall be final and binding and may be enforced in any court of competent jurisdiction," the Court should reject NTCH-TN's argument.[2]

2. The argument misses the point. The issue is not, as NTCH-TN argues, whether the parties agreed to allow the Court to enter a judgment; the issue is whether the parties agreed that the award entered by the arbitrator would be final and binding -- and they clearly did. In *Booth v. Hume Publ'g, Inc.*, 902 F.2d 925, 930 (11th Cir. 1990), the Eleventh Circuit held that "where the parties agreed the arbitration would be final and binding, and where the appellant invoked the jurisdiction of the federal court by initially filing a complaint on the underlying contract, the district court was authorized to enter judgment on the award." Here, the record shows that the ClearTalk entities understood and intended that the award issued by Justice Harding in the consolidated arbitration would be final and binding. As counsel for the ClearTalk entities in the arbitration, Jon Atabek, stated in a letter to Justice Harding: the Stipulation Agreement "says that the parties (on both sides) have agreed to submit their claims to *binding arbitration*." Letter dated May 23, 2012 from J. Atabek, Esq. to M. Harding at 9 (emphasis added) (copy attached as Exh. 3).

NTCH-TN's agreement to final and binding arbitration is also demonstrated by the fact it agreed to arbitrate -- and did -- pursuant to the rules of the International Centre for Dispute Resolution ("ICDR") of the American Arbitration Association ("AAA").[3] Article 27.1 of the AAA ICDR Rules states: "Awards shall be made in writing, promptly by the tribunal, and *shall*

---

2 NTCH-TN also sued ZTE USA in the Western District of Tennessee based on the Florida MSA, attaching the Florida MSA as an exhibit. *NTCH-West Tenn, In. v. ZTE USA, Inc.* Case No. 1:11-cv-01169-JDB-egb (the "Tennessee Action"), DE 1-1, copy attached as Exh. 2.

3 *See* Declaration of Shannon Gallagher In Opposition To Motion To Confirm Arbitration Award And For Entry Of Judgment, DE 64-1, ¶ 11 ("All parties agreed the Arbitration was to be governed by the American Arbitration Association ('AAA') International Arbitration Rules.").

*be final and binding* on the parties." *See* AAA ICDR Rules at 33 (copy attached as Exh. 4) (emphasis added). By agreeing to proceed according to the AAA ICDR Rules, NTCH-TN agreed to final and binding arbitration.

3. The conduct of NTCH-TN also supports this Court's exercise of jurisdiction. Not only did NTCH-TN fully participate in the arbitration process, *it filed its own motion to vacate the Final Award pursuant to the FAA* when it was dissatisfied with the result. NTCH-TN cannot be heard to argue that federal jurisdiction exists to vacate the award, but not to confirm it. *See I/S Stavborg v. Nat'l Metal Converters, Inc.*, 500 F.2d 424, 426-27 (2d Cir. 1974) (holding that party's agreement arbitration would be "final," participation in arbitration, and filing of motion to vacate "was sufficient to permit the exercise of jurisdiction") (cited with approval in *Booth*).

<u>Second</u>, NTCH-TN argues that "[t]here is "an insufficient amount in controversy" to invoke federal jurisdiction, because Justice Harding did not award any damages against ZTE USA. DE 63 at 6-8. This argument also fails for multiple reasons.

1. As a preliminary matter, the Court has already rejected this argument. In its December 16, 2014 Order, in rejecting PTA-FLA's suggestion that no controversy remained simply because the arbitration resulted in a zero award, the Court correctly recognized that "[j]udicial confirmation of an arbitration award that puts a dispute to rest decides a live controversy even though neither side came away from the arbitration with a monetary award." DE 58 at 9-10. The same logic applies to NTCH-TN, who continues to fight confirmation, both in this Court and in the Western District of Tennessee, and who continues to pursue claims against ZTE USA's parent company, ZTE Corporation, which would be barred by a judgment in ZTE USA's favor confirming the Final Award.

2. NTCH-TN relies on *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466 (11th Cir. 1997), for the proposition that the Court lacks jurisdiction to confirm a zero award, but that is not what *Baltin* holds, nor is it the law of the Eleventh Circuit. In *Baltin*, the court held only that jurisdiction was lacking where the "maximum remedy sought" was the vacatur of an arbitration award that was already less than the jurisdictional amount in controversy.

The Eleventh Circuit distinguished *Baltin* in *Peebles v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 431 F.3d 1320, 1325-26 (11th Cir. 2005). There, the Eleventh Circuit held that the amount-in-controversy requirement was satisfied where a party sought to vacate a zero dollar award in order to seek an amount in excess of the jurisdictional threshold. The Eleventh Circuit recognized -- much as this Court did in its December 16, 2014 Order -- that where a real controversy exceeding the jurisdictional amount-in-controversy requirement exists between the parties, the Court has subject matter jurisdiction to resolve it. Here, just as in *Peebles*, NTCH-TN seeks to vacate the Final Award in order to pursue its putative multi-million dollar claims against ZTE USA (and ZTE Corporation). *See, e.g.*, Tennessee Action DE 112-1 at 14 ("Plaintiff respectfully requests that this Court vacate the Arbitrator's award as to the Plaintiff and allow the Plaintiff's claims to go forward in this Court.") *Baltin* is therefore inapposite.[4]

3. NTCH-TN's argument is also contrary to *Southern Mills, Inc. v. Nunes,* 2012 WL 4760618, *aff'd,* 586 Fed.Appx. 702 (11th Cir. 2014). The facts of *Nunes* are remarkably similar to this case. *Nunes,* like the case at bar, involved a motion to confirm a single indivisible arbitration award that rejected the claims of all parties to a consolidated arbitration. Southern

---

4 *Baltin* and *Peebles* involved motions to vacate; neither case involved, as this case does, a motion *to confirm* a zero dollar award. If NTCH-TN's jurisdictional argument were to prevail, it would mean that the losing claimant in an arbitration could move to vacate a zero dollar award in federal court (as *Peebles* holds), but the winning respondent in the same arbitration could not move to confirm the same award. Plainly, that is not the law. Every confirmation controversy has two sides; if there is federal court jurisdiction to hear one -- and there is -- then there is federal court jurisdiction to hear the other, whether the losing claimant invokes the federal court's jurisdiction or not.

Mills filed a claim against Insight in arbitration, but sued Insight's principal, Nunes, in federal court in the Northern District of Georgia. After Nunes successfully moved to compel arbitration, all of the parties participated in a consolidated arbitration proceeding, which resulted in a single arbitration award rejecting the claims of all parties. Insight filed a motion to vacate in the Eastern District of Virginia. Southern Mills moved to confirm the award in the pending Georgia case against Nunes, and also requested that the Georgia court join Insight as a party. The Georgia court granted the joinder motion, reasoning that because the arbitration panel entered a single award, confirmation of the entire arbitration award (which is what Southern Mills sought) required that Insight be joined as a party. The fact that the arbitration panel rejected the claims of all parties (resulting in a zero dollar award) was irrelevant. The Eleventh Circuit affirmed, holding: "By declining to fragment a case about a single arbitration award into two suits, the district court avoided multiplicitous proceedings and potentially conflicting judgments. Such a decision was not an abuse of discretion."

As this Court recognized in joining the absent ClearTalk entities, the same reasoning applies here. The ClearTalk entities, including NTCH-TN, voluntarily agreed to arbitrate their claims against ZTE USA (and, in the case of Mr. Steinmann, also ZTE Corporation) together in a single consolidated arbitration. During the arbitration, they chose to present their claims together, collectively referring to themselves as "ClearTalk." Final Award at 2. As a result, Justice Harding did likewise in the Final Award, disposing of all of the "ClearTalk" claims together, based upon his "**consideration of the entire case.**" Final Award at 16. (emphasis in original) Where, as here, the parties voluntarily participate in a single consolidated arbitration resulting in a single indivisible award, and confirmation of the award is sought in its entirety, the Court's jurisdiction necessarily extends to all of the parties to the arbitration and award.

Third, NTCH-TN argues that "[t]he Western District of Tennessee is the proper forum for resolving this dispute."[5] DE 63 at 8-9. This argument is specious. The arbitration was conducted in this district and the Final Award was issued here, clearly making this Court a "proper forum" for these confirmation proceedings. *See* 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application [for an order confirming the award] may be made to the United States court in and for the district in which such award was made."). Moreover, the Tennessee court has stayed its consideration of NTCH-TN's motion to vacate pending *this* Court's decision, applying the first-to-file rule. *See* Tennessee Action DE 134 (copy attached as Exh. 5) There can be no clearer indication that this Court, not the Western District of Tennessee, is the "proper forum" for resolution of this dispute.[6]

Substantive Issues.

NTCH-TN argues that the Final Award should not be confirmed for the reasons previously set forth in its motion to vacate, filed in the Western District of Tennessee. There (and, by incorporation, here), NTCH-TN made two arguments: (i) that the Final Award was in "manifest disregard of the law" and (ii) that the arbitrator "imperfectly executed his powers." For the reasons set forth in ZTE USA's opposition to the motion to vacate in Tennessee (the "Tennessee Opposition"), incorporated by reference herein, and below, the Court should reject NTCH-TN's argument. *See* Tennessee Action DE 123, 132 (copies attached as Exhs. 7 and 8, respectively).

---

5 NTCH-TN does not explain how another federal court could be a proper forum for the dispute if, as it also argues, the federal courts lack subject matter jurisdiction to resolve the dispute.

6 NTCH-TN accuses ZTE USA of "gamesmanship" because ZTE USA filed its Confirmation Motion in Florida. DE 63 at 9. The accusation is baseless, of course. ZTE USA filed its Confirmation Motion in this district because it is where this multi-district dispute began, where the arbitration was conducted, and where the Final Award was issued, as both the Tennessee and California courts noted in rejecting the same "gamesmanship" accusation. *See* Exh. 5 at 7; California Action DE 88 at 5-6 (copy attached as Exh. 6).

1. The Eleventh Circuit does not recognize "manifest disregard of the law" as a grounds for vacatur. *Frazier v. CitiFinancial Corp.*, LLC, 604 F.3d 1313, 1324 (11th Cir. 2010) ("We hold that our judicially-created bases for vacatur are no longer valid in light of *Hall Street.*").[7] That said, as set forth in the Tennessee Opposition, it is clear that Justice Harding's ruling was not in "manifest disregard of the law" in any event.

2. NTCH-TN argues that Justice Harding "imperfectly executed his powers" because (i) he "failed to consider Plaintiff's breach of contract claim" and (ii) he failed "to comply with the ICDR's rules." DE 63 at 10, 11. As explained in the Tennessee Opposition and below, neither of these arguments has any merit.

The Final Award reflects that Justice Harding fully considered -- and then rejected -- all of the breach of contract claims of all of the ClearTalk entities, including NTCH-TN, based on "the greater weight of the evidence:"

> Having listened to two weeks of testimony by many witnesses, personally reviewing many exhibits produced at the final hearing and referenced in the parties closing submissions and many hours of oral argument by counsel, *the Arbitrator determines that the greater weight of the evidence* including but not limited to the conduct of Claimants continuing to do business with ZTE by prematurely paying unrequired sums for equipment they claim was defective, entering into a subsequent agreement and ordering additional equipment after complaining that ZTE's conduct caused enormous damages, and even after this arbitration was begun to initiate negotiations with ZTE for additional handsets, negates the allegations of damage for breach of contract and breach of warranty by ZTE.

Final Award at 14–15 (emphasis added). The arbitrator also made specific factual findings with respect to NTCH-TN's claim that ZTE USA breached its obligation to render the equipment

[7] Although NTCH-TN originally moved to vacate in the Western District of Tennessee, Eleventh Circuit law controls here. *See Southern Mills, Inc. v. Nunes,* 586 Fed. Appx. 702 (11th Cir. 2014) (deciding motion to vacate transferred from Eastern District of Virginia pursuant to first-to-file rule under Eleventh Circuit law). The *Nunes* Court stated: "The district court's application of binding Eleventh Circuit precedent did not result in manifest injustice, and we decline to encourage unabashed forum shopping by holding otherwise."

functional in Tennessee. *See* Final Award at 12-15. The Eleventh Circuit "will not evaluate or disturb the factfinding of arbitrators" regarding application of a contract. *Cat Charter, LLC,* 646 F.3d at 840 n.4. Here, because Justice Harding was "arguably construing or applying the contract," the Final Award "must stand." *Oxford Health Plans LLC v. Sutter,* 133 S.Ct. 2064, 2068 (2013). Moreover, the 18-page Final Award more than meets the standard for a "reasoned award" in the Eleventh Circuit. *See Cat Charter*, *LLC*, 646 F.3d at 844 (rejecting the argument that an award stating that "plaintiffs proved their claims 'by the greater weight of the evidence' was not a "reasoned award").

## II. ERIC STEINMANN

<u>Jurisdictional issue.</u>

Steinmann, like NTCH-TN, argues that the Court lacks subject matter jurisdiction because "no formal arbitration agreement, nor any contractual arbitration provision, exists between ZTE USA and Steinmann." DE 64 at 7. This argument fails for the reasons previously set forth. *See supra* at 2-4. It is also worth noting that Steinmann *signed* the MSAs and that his claims against ZTE USA and ZTE Corporation are premised entirely on the "Vendor Financing Agreement," which is an *exhibit* to the MSAs (containing the express arbitration provision). DE 21-10 at 86, 126.[8]

<u>Substantive issues.</u>

Steinmann argues that the Final Award should not be confirmed for the reasons previously set forth in his motion to vacate, filed in the Central District of California. There (and, by incorporation, here), Steinmann argued that (i) the arbitrator "exceeded his powers"

---

[8] Steinmann does not make the other jurisdictional arguments made by NTCH-TN. Nonetheless, it is worth noting that Steinmann, like NTCH-TN, has moved to vacate the Final Award and has indicated his intention to proceed against ZTE USA and ZTE Corporation if successful. *See* DE 56, Transcript of Hearing held on December 1, 2014 at 38:3-7. ("If the California [court] grants Mr. Steinmann's motion to vacate his claims -- then Steinmann's claims, I guess would go forward.") (copy attached as Exh. 9).

because he "simply announced his result without giving any reasons whatsoever," (ii) the arbitrator "refused to hear pertinent evidence" because he denied Steinmann certain discovery, and (iii) the June 14, 2013 determination disposing of Steinmann's claims was not a final award. DE 64 at 8-13. For the reasons set forth in ZTE USA's opposition to the motion to vacate in California (collectively, the "California Opposition"), incorporated by reference herein, and below, the Court should reject Steinmann's argument. *See* California Action DE 71, 73, 87 (copies attached as Exhs. 10, 11 and 12, respectively).

1. Steinmann's claim that Justice Harding "exceeded his powers" because he "simply announced his result" is without basis, as explained in the California Opposition. Moreover, Justice Harding's June 14, 2013 determination and 18-page Final Award more than meet the "reasoned award" standard in the Eleventh Circuit. *Cat Charter, LLC,* 646 F.3d at 844-45.

2. Steinmann's argument that Justice Harding "refused to hear pertinent evidence" because he did not grant Steinmann all of the discovery he requested also fails for the reasons set forth in the California Opposition. Arbitrators have broad discretion to set limits on discovery, and the exercise of that discretion is not a basis for vacatur. *Scurtu v. Hospitality & Catering Mgmt. Servs.*, No. CIV.A. 07-0410-WS-B, 2012 WL 4061759, at *5 (S.D. Ala. Sept. 13, 2012) ("Next, plaintiffs fault the arbitrator for imposing limits on discovery. However, 'discovery is not guaranteed in arbitration and arbitrators have broad discretion . . . to grant or deny the ability to obtain discovery.'") (quoting *Rintin Corp., S.A. v. Domar*, Ltd., 374 F.Supp.2d 1165, 1170 (S.D. Fla. 2005)).[9]

[9] Steinmann argues he was entitled to discovery concerning "what sum of money was required to make him whole" DE 64 at 11. The arbitrator, however, ruled as a matter of law Steinmann was not entitled to return of the Florida guaranty payment *regardless of amount* and there is no reason to believe additional evidence concerning the precise amount of the guaranty payment would have changed the outcome. *See Rosensweig v. Morgan Stanley & Co.,* 494 F.3d 1328, 1336 (11th Cir. 2007) (arbitrators did not commit misconduct depriving party of a fair hearing

3. As set forth in the California Opposition, the June 14, 2013 determination by Justice Harding completely disposing of Steinmann's claims against ZTE USA and ZTE Corporation, was a "final award" for purposes of the FAA. *See* June 14, 2013 determination (copy attached as Exh. 13) Because Steinmann did not seek vacatur of the June 14, 2013 determination, he is time-barred from raising *any* arguments against confirmation now. *See Bridgepoint Ventures, LLC v. Panam Mgmt. Grp., Inc.*, 524 Fed.Appx 553, 554 (11th Cir. 2013) ("[A] party's failure to move to vacate an arbitral award within the three-month limitations period bars him from raising the alleged invalidity of the award as a defense in opposition to a motion to confirm the award.") (quoting *Booth*, 902 F.2d at 929 n.4).

## III. NTCH-WA

NTCH-WA argues only that the Court lacks subject matter jurisdiction because Justice Harding did not award any damages against ZTE USA. DE 62 at 4-7. This is the same argument made by NTCH-TN (but not Steinmann) and fails for all of the same reasons. *See supra* at 4-6. There is a substantial and continuing controversy between ZTE USA and all of the ClearTalk entities, including NTCH-WA who continues to aggressively litigate putative multi-million dollar claims against ZTE Corporation in the Western District of Washington which would be barred by a judgment in ZTE USA's favor confirming the Final Award. *Freecharm Limited v. Atlas Wealth Holdings Corp.*, 499 Fed. Appx. 941, 944 (11th Cir. 2012) (holding plaintiff's claims against parent company were barred by plaintiff's previous arbitration loss to subsidiary).

Respectfully submitted,

By:/s/ Laura Besvinick

---

where they could have reasonably concluded that that additional testimony would have been "cumulative and not determinative" of the claims presented).

Laura Besvinick, Esq.
Florida Bar Number: 391158
Laura.Besvinick@hoganlovells.com
Matthew R. Bray, Esq.
Florida Bar Number: 0030070
Matthew.R.Bray@hoganlovells.com
HOGAN LOVELLS US LLP
600 Brickell Ave., Ste. 2700
Miami, Florida 33131
Direct: (305) 459-6500
Fax: (305)-459-6550
*Attorneys for Defendants ZTE USA, Inc. and ZTE Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2015, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the counsel so indicated below:

L. Javan Grant, Esq.
Jacob Justin Payne, Esq.
ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
Email: jgrant@rtlaw.com
Email: jpayne@rtlaw.com

Matthew B. Baggett, Esq.
1539 San Marco Boulevard
Jacksonville, Florida 32207
Email: mbb@baggettlaw.com
Email: cnp@baggettlaw.com

Shannon Gallagher, Esq.
GALLAGHER & MOORE
2 Park Plaza, Suite 680
Irvine, CA 92614-2589
Email: sgallagher@gallagherandmoore.com

Charles H. Barnett, III, Esq.
Sara E. Barnett, Esq.
SPRAGINS, BARNETT & COBB, PLC
312 East Lafayette Street
P.O. Box 2004
Jackson, Tennessee 38302
Email: chbarnett@spraginslaw.com
Email: sarabarnett@spraginslaw.com

Via U.S. Mail to:

John C. Grellner, Esq.
5205 Lindenwood Ave.
St. Louis, Missouri 63109

/s/ Laura Besvinick