IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PTA-FLA, Inc., a Florida corporation, et al,

Plaintiffs

CASE NO. 3:11-CV-00510-TJC-JRK

vs.

ZTE USA, Inc., a New Jersey corporation,

Defendant.

---

**COMBINED REPLY OF**
**NTCH-WA, INC., NTCH-WEST TENN, AND DAREDEVIL, INC.,**
**IN RESPONSE TO ARGUMENTS BY ZTE USA, INC.,**
**REGARDING PERSONAL JURISDICTION AND SERVICE**

**1. The FAA does not, by itself, confer jurisdiction over the parties**

Section 9 of the Federal Arbitration Act contains a venue provision and a jurisdiction provision. As to venue, it provides that one possible venue for an application to confirm an arbitration award is the district where the arbitration was conducted. Venue is also appropriate in any other district court under the provisions of 28 U.S.C. §1391(a)(2). *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.,* 529 U.S. 193 (2000).

Section 9 does not preclude filing application to confirm an award in the district where an action is already pending concerning the dispute between the parties and which already has jurisdiction over those parties. It also does not preclude the filing of such an application where

another district court is already entertaining motions to vacate the arbitration award, as is the case here.

As to jurisdiction, only after notice of an application to confirm an arbitration award is served upon the adverse party, thereupon shall the court have jurisdiction. The court does not have jurisdiction simply by the filing an application to confirm an award. To the contrary, notice of the application must be served upon the adverse party and only then will the court have jurisdiction.

Aside from the necessity of effecting service, defendant misleads the court with its argument that all of the joined parties consented to the court's jurisdiction. While ZTE argues that the parties consented to the court's jurisdiction, relying on a provision in the Florida MSA and the Missouri MSA, what ZTE fails to bring to the court's attention is that the only two parties to those agreements (other than ZTE USA or ZTE Corp.) were PTA-FLA, Inc., and Daredevil, Inc. The joined parties NTCH-West Tenn, NTCH-WA, and Eric Steinmann were not parties to those agreements. As such, despite ZTE's attempts to hide this fact, those parties did not consent to the provisions set forth in those agreements.

## 2. Section 9 of the FAA requires service by U.S. Marshal

Although ZTE argues that service pursuant to FRCP Rule 4 is sufficient, that is not the law. Section 9 of the Federal Arbitration Act states that "[i]f the adverse party shall be a nonresident, then notice of the application **shall be served by the marshal** of any district within which the adverse party may be found in like manner as other process of the court." 9 U.S.C. § 9.

ZTE's arguments regarding the sufficiency of its service fail because the FAA does not simply "include" service by a marshal, as ZTE asserts, but rather it mandates such service, and there has been no change in the service requirements under the FAA even though the Act has been

amended twice since 1983. (See, Pub. L. 100-702 (1988) and Pub. L. 101-650 (1990) adding sections 15 and 16 to the FAA.)

ZTE USA argues that Section 9's requirement of service by U.S. Marshal's was altered when Congress amended Rule 4 of the Federal Rules of Civil Procedure in 1983 to allow service by private individuals. ZTE USA is essentially arguing that Congress repealed by implication the requirement in Section 9 of service by a U.S. Marshal.

It is well settled, however, that repeal by implication is disfavored. *Morton v. Mancari*, 417 U.S. 435, 549 (1974) (citing *Posadas v. National City Bank*, 296 U.S. 497, 503 (1936)). Where, as here, there are two statutes that address the same subject, "[t]he intention of the legislature to repeal must be 'clear and manifest.'" *Morton*, 417 U.S. at 551 (quoting *United States v. Borden Co.*, 308 U.S. 188, 198 (1939)). "In the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable." *Morton*, 417 U.S. at 550 (citing *Georgia* v. *Pennsylvania R. Co*., 324 U.S. 439, 456-457 (1945)). "It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum . . . ." *Traynor v. Turnage*, 485 U.S. 535, 547-548 (1988) (quoting *Radzanower* v. *Touche Ross & Co*., 426 U.S. 148, 153 (1976)).

Rule 4 of the Federal Rules of Civil Procedure does not repeal Section 9 of the FAA by implication because the two statutes are capable of reconciliation, especially in light of the fact that Section 9 of the FAA is narrower than Rule 4.

First, the statutes overlap to the extent that they set forth certain procedures for service of process, but Rule 4 is significantly more general in nature than Section 9 of the FAA because Rule 4 establishes the general procedure required for service of process in all civil cases in federal court,

whereas Section 9 only addresses service in the specific context of confirmation of an arbitration award. Therefore, it is improper to conclude that Rule 4 repealed Section 9 of the FAA because Section 9's narrower service of process provision should be considered an exception to the more general service of process provisions under Rule 4.

Second, Rule 4 of the Federal Rules of Civil Procedure does not eliminate the use of the U.S. Marshal as a means of service. See, Fed. R. Civ. P. 4(c)(3). Even though Congress may have intended to limit the role of the U.S. Marshall, it is clear that Congress did not intend to eliminate that role altogether.

Because repeal by implication is inappropriate in this context, because there is not a conflict between Section 9 of the FAA and Rule 4 of the FRCP, and because Congress has twice amended the FAA without altering the service requirements, Section 9 prevails.

As to the words "in like manner as other process of the court" in Section 9, this only pertains to the manner of service (i.e., personal delivery, substituted service, authorized agent, etc.) and not to the issue of who may serve the notice.

**3. <u>The "weight of authority" does not support ZTE's position</u>**

The cases cited by ZTE USA either address a separate legal issue or reach a conclusion that does not support ignoring the plain language of Section 9 of the FAA.

In *Matter of Arbitration Between Intercarbon Bermuda, Ltd. And Caltex Trading and Transport Corp.*, 146 F.R.D. 64 (1993), the court concluded that Rule 4 governs service of process for <u>adverse parties that do not reside in the United States</u> in proceedings under Section 12 of the FAA, which is substantially the same regarding service of process as Section 9. Id. at 67. The

court did not conclude that service under Rule 4 would be proper in lieu of service by a U.S. Marshal where the adverse party resided in a district of the United States. *Id.* at n.3.

In *Technologists, Inc. v. Mir's, Ltd.*, the Court followed the *Intercarbon* Court's conclusion that service under Section 12 of the FAA must comply with the requirements of Rule 4 when serving a <u>foreign adverse party</u> because service by U.S. Marshal would be impossible. *Technologists, Inc. v. Mir's, Ltd.*, 725 F.Supp.2d 120, 127 (D.D.C. 2010).

Finally, in *Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, the court stated that "[t]he phrase 'in like manner as other process of the court' found in § 9 of the Arbitration Act refers to Fed.R.Civ.P. 4 on the accomplishment of appropriate service, not to Fed.R.Civ.P. 12(a) allowing 60 days for an answer to a summons and complaint." *Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (2nd Cir. 1971).

**4. <u>ZTE Corp. has insisted on strict service requirements</u>**

In connection with the various actions which have been filed in connection with the dispute between the various parties, in almost every case, ZTE Corp., the parent company of ZTE USA, has insisted the it can only be served pursuant to the Hague Convention. This is true despite the fact that ZTE Corp. operates a wholly-owned subsidiary in the U.S., it has been fully apprised of the nature of the claims made against it, it has received copies of the various complaints which have been filed, it is aware of the terms and provisions of the contracts it or its subsidiary has entered into, and it has been represented in all of these actions by the same counsel representing ZTE USA in this matter. Most recently, in an action pending in South Carolina, it was successful in challenging service of a complaint because copies of the subject agreements (the same ones at issue in the arbitration to which ZTE Corp. was a party) were not attached to the relevant

complaint. Clearly, since ZTE has insisted on strict compliance with the statutory rules regarding service, only service by a marshal is appropriate in this matter.

**5. Conclusion**

Because the plain language of Section 9 of the FAA requires service by U.S. Marshal and Congress has not expressly or by implication repealed or altered this requirement and there is conflict between Section 9 and FRCP Rule 4, ZTE was required to serve notice of its application by U.S. Marshal. Because it has failed to do so, despite having known about this defect in service for a year, this matter must be dismissed so that the currently pending motions to vacate may be heard in the district courts where those motions are pending or where the adverse parties reside.

Respectfully submitted,

**BAGGETT LAW**

s/Matthew B. Baggett
MATTHEW B. BAGGETT
Florida Bar No.: 0015896
1539 San Marco Boulevard
Jacksonville, Florida 32207
(904) 396.1100 (Phone)
(904) 404.8346 (Fax)
*mbb@baggettlaw.com*
*cnp@baggettlaw.com*
Co-Counsel for the Joined Parties

*and*

**GALLAGHER & MOORE**

Shannon Gallagher
2 Park Plaza, Suite 680
Irvine, CA 92614-2589
949-955-2880 (phone)
949-955-2875 (fax)
*sgallagher@gallagherandmoore.com*
(Pro Hac Vice Admission Pending)

*and*

**SPRAGINS, BARNETT & COBB, PLC**

Sara E. Barnett
312 East Lafayette Street
P.O. Box 2004
Jackson, Tennessee 38302
(731) 424-0461 (Phone)
*saraebarnett@spraginslaw.com*
*donna@spraginslaw.com*
(Pro Hac Vice Admission Pending)

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2015, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the counsel so indicated below:

Laura E. Besvinick
Matthew Bray
Hogan Lovells US LLP
Ste 2700
600 Brickell Ave
Miami, FL 33131
*laura.besvinick@HoganLovells.com*
*matthew.r.bray@hoganlovells.com*

s/Matthew B. Baggett